UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN,<br><br>Plaintiff,<br><br>v.<br><br>POLLY KAISER, et al.,<br><br>Defendants. | Case No. 25-cv-06487-PCP<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 1 |

Petitioner-plaintiff Carmen Aracely Pablo Sequen moves the Court *ex parte* for a temporary restraining order that would, among other things, require her immediate release from her ongoing detention by agents of Immigration and Customs Enforcement ("ICE") and prohibit her re-arrest without a pre-detention bond hearing.[1] For the following reasons, the Court grants the requested order, orders defendants to release Ms. Pablo Sequen immediately, and prohibits defendants from re-arresting or otherwise re-detaining Ms. Pablo Sequen without first providing her with a pre-detention bond hearing before an immigration judge at which ICE establishes by clear and convincing evidence that her detention is necessary to prevent her flight or protect the public.

---

[1] Ms. Pablo Sequen asks the Court to prohibit her detention under any circumstances, contending that the government has no valid interest to justify her detention. Because the relief granted herein obviates any immediate need for the Court to address this substantive due process issue, the Court will not do so at this time. And while Ms. Pablo Sequen also asks the Court to order that she remain within the Northern District of California in order to preserve this Court's jurisdiction over her petition, it is well-established that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

## BACKGROUND

The evidence before the Court establishes that Pablo Sequen is a 30-year-old asylum seeker from Guatemala who came to the United States on June 16, 2023. After entering the United States, she looked for a border patrol officer and turned herself in after encountering one. She was briefly detained by border patrol agents, then released on her own recognizance. At the time of her release, she was ordered to check in at the San Francisco ICE office on September 30, 2024. She appeared as ordered and appeared for a second check-in on March 21, 2025. She was ordered to check in again on March 20, 2026. Ms. Pablo Sequen has no criminal history.

On May 15, 2024, Ms. Pablo Sequen filed an application for asylum. She appeared for a mandatory biometrics appointment soon thereafter. After applying for asylum, Ms. Pablo Sequen received an employment authorization document. She has since been lawfully employed in a bakery in San Francisco's Mission District.

On July 31, 2025, Ms. Pablo Sequen appeared at the immigration court in San Francisco for a master calendar before Judge O'Brien. She was not represented by counsel. At the hearing on Ms. Pablo Sequen's case, the government moved to dismiss its case seeking her removal. Judge O'Brien gave Ms. Pablo Sequen 10 days to respond and set a further hearing in the matter for August 28, 2025.

After leaving court, Ms. Pablo Sequen was arrested by three ICE agents and brought to a holding area in the same building. ICE reported to Ms. Pablo Sequen's counsel that she remained in that location until at least 90 minutes before the filing of Ms. Pablo Sequen's August 1, 2025 habeas petition.

Ms. Pablo Sequen, with representation of counsel, filed her petition for a writ of habeas corpus and *ex parte* motion for a temporary restraining order on August 1, 2025, one day after her arrest. She contends that her arrest and detention violate the Due Process Clause of the Fifth Amendment, both substantively (because defendants allegedly have no valid interest in detaining her) and procedurally (because she was not provided with a pre-detention bond hearing). The respondents to her petition are Polly Kaiser, Acting Field Office Director of the San Francisco ICE Field Office; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland

1   Security; and Pamela Bondi, Attorney General of the United States.

## LEGAL STANDARDS

The standard for issuing a temporary restraining order is largely identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). "A plaintiff seeking [such relief] must establish that [1] [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in h[er] favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor and the other two *Winter* factors are satisfied.'" *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)). The final two factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Although the substantive standards for both motions are similar, the timeframe for a temporary restraining order is different. While a preliminary injunction remains in effect pending final resolution of the litigation, "a TRO 'should be restricted to … preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

Federal Rule of Civil Procedure 65(b)(1) allows a temporary restraining order to be issued without notice to the opposing party—i.e., *ex parte*—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

**ANALYSIS**

As an initial matter, Ms. Pablo Sequen has satisfied the requirements for issuance of an *ex parte* order. The affidavit of her counsel demonstrates both that immediate and irreparable injury, loss, or damage will result to Ms. Pablo Sequen before respondents can be heard in opposition, and that counsel attempted to contact Civil Division chief Pamela Johann of the United States Attorney's Office for the Northern District of California on August 1, 2025. Counsel has provided Ms. Johann with a copy of the petition and motion and supporting papers.

Ms. Pablo Sequen has also demonstrated a likelihood of success on the merits of her claim that her ongoing detention violates her procedural due process rights under the Due Process Clause of the Fifth Amendment. The Court recently considered that issue under indistinguishable circumstances in *Garro Pinchi v. Noem*, No. 5:25-cv-05632-PCP, __ F. Supp. 3d __, 2025 WL 2084921 (N.D. Cal. July 24, 2025). For the reasons explained in far greater detail therein, the Due Process Clause entitles Ms. Pablo Sequen (and other similarly situated immigrants) to a bond hearing before an immigration judge *prior to* any arrest or detention. *See id.* at *2–6; *see also Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *7 n.4 (N.D. Cal. July 17, 2025) (collecting cases in which courts have found there are at least serious questions as to whether due process entitles noncitizens released from custody to a hearing before or immediately after re-detention).

Ms. Pablo Sequen has also demonstrated a likelihood of irreparable injury in the absence of temporary relief. The likely unconstitutional deprivation of liberty that Ms. Pablo Sequen faces is an immediate and irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (cleaned up). "[I]t follows inexorably from [the] conclusion" that Ms. Pablo Sequen's detention without a pre-detention hearing before a neutral decisionmaker is "likely unconstitutional," that she has "carried [her] burden as to irreparable harm." *Hernandez*, 872 F.3d

4

at 995.

The final two *Winter* factors, the balance of the equities and public interest, merge in light of the fact that the government is the opposing party. These factors also weigh heavily in favor of granting a preliminary injunction. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-CV-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see also Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) (quoting *Padilla v. Immigration & Customs Enforcement*, 953 F.3d 1134, 1147–48 (9th Cir. 2020)) ("It is always in the public interest to prevent the violation of a party's constitutional rights."); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."). As other courts in this district have concluded under similar circumstances, the potential harm to Ms. Pablo Sequen is significant, while the potential harm to the government is minimal. The only potential injury the government faces is a short delay in detaining Ms. Pablo Sequen if it ultimately demonstrates to a neutral decisionmaker by clear and convincing evidence that her detention is necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561; *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854 (N.D. Cal. June 14, 2025). The government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). "Faced with … a conflict between minimally costly procedures and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in plaintiffs' favor." *Singh*, 2025 WL 1918679, at *9 (quoting *Hernandez*, 872 F.3d at 996) (cleaned up).

Finally, Ms. Pablo Sequen's immediate release is required to return her to the status quo. The status quo refers to "the last uncontested status which preceded the pending controversy." *Doe v. Noem*, No. 25-cv-00633, 2025 WL 1141279, at *9 (W.D. Wash. Apr. 17, 2025) (citing *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)). That is the moment

prior to Ms. Pablo Sequen's likely illegal detention. *See Kuzmenko v. Phillips*, No. 25-CV-00663, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025) (granting a temporary restraining order requiring immediate release of the petitioner back to home confinement from custody, as a restoration of the status quo).

Because Ms. Pablo Sequen satisfies all of the requirements for temporary injunctive relief and such relief is necessary to restore the status quo, her motion for a temporary restraining order is granted. *See Garro Pinchi v. Noem*, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025) (granting temporary restraining order requiring release of asylum seeker and a pre-detention bond hearing before re-arrest), converted to preliminary injunction at __ F. Supp. 3d __, 2025 WL 2084921 (N.D. Cal. July 24, 2025); *Singh*, 2025 WL 1918679, at *10 (granting preliminary injunction under similar circumstances); *Doe v. Becerra*, No. 2:25-cv-00647-DJC-DMC, 2025 WL 691664, at *8 (E.D. Cal. Mar. 3, 2025) (granting temporary restraining order to noncitizen detained over a month earlier); *see also Diaz*, 2025 WL 1676854, at *3–*4 (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody five years ); *Garcia v. Bondi*, No. 3:25-CV-05070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody six years ); *Enamorado v. Kaiser*, No. 25-CV-04072-NW, 2025 WL 1382859, at *3 (N.D. Cal. May 12, 2025); *Jorge M. F.*, 2021 WL 783561, at *4; *Romero v. Kaiser*, No. 22-CV-02508-TSH, 2022 WL 1443250, at *4 (N.D. Cal. May 6, 2022); *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (granting writ of habeas corpus).

Because "there is no realistic likelihood of harm to the [respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003), no security is needed to ensure that respondents will be reimbursed for "costs and damages sustained by … hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. *Jorgensen*, 320 F.3d at 919.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Ms. Pablo Sequen's motion for a temporary restraining order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter. Respondents are **ORDERED** to immediately release Ms. Pablo Sequen from custody and are **ENJOINED AND RESTRAINED** from re-detaining Ms. Pablo Sequen without notice and a pre-deprivation hearing before a neutral decisionmaker. This Order shall remain in effect until August 11, 2025, at 5:00 p.m. The Petition for Writ of Habeas Corpus, Motion for Temporary Restraining Order, and this Order **SHALL** be served on Respondents such that they receive actual notice as soon as possible. Ms. Pablo Sequen shall file proof of service or a status report on service by no later than August 4, 2025. Respondents shall provide a status report confirming Ms. Pablo Sequen's release by Monday, August 4, 2025, at 5:00 p.m.

Respondents are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue on August 11, 2025, at 1:00 p.m. The hearing will be held in-person in Courtroom 8 of this Court's San José courthouse, located at 280 S. 1st Street, San José, CA 95113. Respondents shall file a response to Ms. Pablo Sequen's motion by no later than August 6, 2025. Any reply shall be filed by August 9, 2025.

**IT IS SO ORDERED.**

Dated: August 1, 2025

P. Casey Pitts
United States District Judge