UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> POLLY KAISER, et al., <br><br> Defendants. | Case No. 25-cv-06487-PCP <br><br> **ORDER GRANTING MOTION TO SEVER** <br><br> Re: Dkt. No. 106 |

Plaintiff Carmen Aracely Pablo Sequen initiated this action by filing a petition for a writ of habeas corpus to compel her immediate release from detention by Immigrations and Customs Enforcement (ICE) and prohibit her re-detention unless ICE satisfied certain due-process requirements. After the Court granted preliminary injunctive relief to Ms. Pablo Sequen, she amended her original petition to add seven new class claims seeking to vacate certain policies of ICE and the Executive Office for Immigration Review (EOIR) under the Administrative Procedure Act (APA) and to enjoin allegedly unconstitutional conditions of confinement at ICE's San Francisco field office. These claims were brought by not only Pablo Sequen but also three additional plaintiffs, two of whom also seek individual habeas relief. The government now moves to sever the individual habeas claims from each other and from the class claims.[1] The government also requests that the severed claims be randomly reassigned among the courts in this district. For the reasons below, the Court grants the motion to sever but denies the government's request to reassign the severed claims.

---

[1] The government also moves to dismiss certain of the claims in plaintiffs' amended complaint. While the motion to sever is suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b), the motion to dismiss is not. The Court therefore defers ruling on the motion to dismiss until after the December 9, 2025 hearing on that motion.

**BACKGROUND**

This action arises from ICE and EOIR's promulgation and enforcement of policies permitting the arrest of non-citizens at immigration courthouses and detention of such non-citizens in short-term holding rooms for more than 12 hours. Pursuant to these policies, ICE agents arrested Ms. Pablo Sequen as she was leaving the San Francisco immigration court on July 31, 2025 and detained her at ICE's San Francisco field office. The next day, Ms. Pablo Sequen commenced this action by filing a petition for a writ of habeas corpus. The original petition sought, among other relief, Ms. Pablo Sequen's immediate release from custody and a permanent injunction prohibiting ICE from re-detaining her without prior notice and a hearing before a neutral arbiter at which ICE showed by clear and convincing evidence that she posed a flight risk or danger to the community. Ms. Pablo Sequen did not initially join or seek relief on behalf of any other individuals.

After this Court granted preliminary injunctive relief to Ms. Pablo Sequen, she filed an amended habeas petition and complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). The amended complaint added three new plaintiffs: Ligia Garcia, Yulisa Alvarado Ambrocio, and Martin Hernandez Torres. Like Ms. Pablo Sequen, Ms. Garcia and Ms. Alvarado asserted individual habeas claims concerning their detention by ICE. The amended complaint also included seven new claims on behalf of two putative classes represented by the named plaintiffs. Those claims seek to vacate certain ICE and EOIR policies under the APA and to enjoin allegedly unconstitutional conditions of confinement at ICE's San Francisco field office.

The government filed a motion to dismiss the amended complaint or, in the alternative, to sever the class claims and each of the individual habeas claims into separate actions. The motion to dismiss, which the Court will resolve in a separate order, is set for hearing on December 9, 2025.

**LEGAL STANDARD**

Two rules govern joinder in this case: Federal Rules of Civil Procedure 18 and 20.

Rule 18 governs joinder of claims and authorizes "[a] party asserting a claim" to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R.

2

1  Civ. P. 18(a). The rule "provide[s] for a liberal joinder of claims." *United States v. United Pac.*
2  *Ins. Co.*, 472 F.3d 792, 794 n.5 (9th Cir. 1973). "Once parties are properly joined … as to a
3  particular claim, additional claims, whether they are related or unrelated or they are by or against
4  all or less than all of the parties may be joined under Rule 18(a)." 6A WRIGHT & MILLER'S
5  FEDERAL PRACTICE AND PROCEDURE § 1585 (3d. ed. 2025).

6  Rule 20 governs the permissive joinder of parties. The rule permits multiple plaintiffs to
7  join in one action if "(A) they assert any right to relief … with respect to or arising out of the same
8  transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or
9  fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Similarly, the rule
10  provides that "[p]ersons … may be joined in one action as defendants" if (A) "any right to relief is
11  asserted against them … with respect to or arising out of the same transaction, occurrence, or
12  series of transactions or occurrences," and (B) "any question of law or fact common to all
13  defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also League to Save Lake Tahoe*
14  *v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). The requirements for permissive
15  joinder under Rule 20 are liberally construed to "promote trial convenience and to expedite the
16  final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake*
17  *Tahoe*, 558 F.2d at 917.

18  "Under the Rules, the impulse is toward entertaining the broadest possible scope of action
19  consistent with fairness to the parties; joinder of claims, parties and remedies is strongly
20  encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). But to resolve
21  concerns about misjoinder, the Court "may at any time, on just terms, add or drop a party" and
22  "may also sever any claim against a party." Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348,
23  1350 (9th Cir. 1997). District courts are vested with broad discretion in deciding whether to grant
24  severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000).

25  **ANALYSIS**

26  **I.     The Court exercises its discretion to sever plaintiffs' claims.**
27  The government asks the Court to sever plaintiffs' claims into four separate actions.
28  Though the Court concludes that joinder of all claims and parties was proper under Rules 18 and

3

20, the Court exercises its discretion under Rule 21 to sever plaintiffs' claims.

The addition of new claims and parties in the amended complaint comported with Rules 18 and 20. To understand why, start with Ms. Pablo Sequen's habeas claim, which was included in her original petition and which the government concedes is properly before the Court. Ms. Pablo Sequen asserted her habeas claim against defendants Sergio Albarran, Todd Lyons, Kristi Noem, and Pamela Bondi. Having done so, Ms. Pablo Sequen was permitted to include any other claims she has against those defendants pursuant to Rule 18(a), whether or not the claims were related to one another. *See* Fed. R. Civ. P. 18(a); 6A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 1585 (3d. ed. 2025). And in each of the class claims added to the amended complaint, Ms. Pablo Sequen sought relief from one or more of Mr. Albarran, Mr. Lyons, Secretary Noem, or Attorney General Bondi. Joinder of the class claims was therefore proper.

With the class claims properly added to Ms. Pablo Sequen's case, Rule 20(a) permitted her to join other individuals as plaintiffs and defendants on those claims if "(1) a right to relief [was] asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties [will] arise in the action." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Those requirements are easily satisfied here.

As to the first requirement, "[t]he Ninth Circuit has indicated that the requirement of 'same transaction, occurrence, or series of transactions or occurrences' refers to the similarity in the factual background between" claims. *Jones v. CertifiedSafety, Inc.*, No. 17-cv-02229, 2019 WL 758308, at *4 (N.D. Cal. Feb. 20, 2019) (citing *Coughlin*, 130 F.3d at 1350). Rule 20's "same transaction" requirement "may comprehend a series of occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). Here, in each class claim, Ms. Pablo Sequen and her fellow plaintiffs seek relief against all defendants relating to the same logically connected "transaction, occurrence, or series of transactions or occurrences." For each APA claim, that is ICE or EOIR's promulgation of the challenged policy. For each constitutional conditions-of-confinement claim, it is ICE's exposure of non-citizens detained at its San Francisco field

4

office to the challenged conditions of confinement.

As to the second requirement, common questions will arise as to all plaintiffs and defendants joined in each APA claim regarding whether the challenged policy is arbitrary and capricious. Common questions will also arise as to all parties joined in each constitutional conditions-of-confinement claim regarding whether ICE in fact deprives detainees at its San Francisco field office of sleep, basic hygiene, adequate medical care, or access to counsel and whether such deprivation violates the First or Fifth Amendment. Joinder of the additional parties in the amended complaint was therefore proper under Rule 20(a).

Having been properly joined as plaintiffs with respect to Ms. Pablo Sequen's APA and constitutional claims, Ms. Garcia and Ms. Alvarado Ambrocio were then permitted to "join, as independent or alternative claims, as many claims as [they] ha[d] against an opposing party." Fed. R. Civ. P. 18(a). As a result, they could properly join their individual habeas claims, which they asserted against Mr. Albarran, Mr. Lyons, Secretary Noem, and Attorney General Bondi, who were already properly parties with respect to the class claims.

Accordingly, all of the claims and parties added to the amended complaint were properly joined under Rules 18 and 20. The government nonetheless argues that the joinder of plaintiffs' individual habeas claims in the same action as the class claims was improper for three reasons.

First, the government suggests that 8 U.S.C. § 1252(f)(1) bars joinder of multiple habeas claims challenging the government's detention of non-citizens pursuant to its authority under the Immigration and Nationality Act (INA). Section 1252(f)(1) prohibits any court other than the Supreme Court from "enjoin[ing] or restrain[ing] the operation of" certain provisions of the INA "other than with respect to the application of such provisions to an individual alien against whom [removal] proceedings … have been initiated." *Id.* § 1252(f)(1). Even assuming that § 1252(f)(1) applies to plaintiffs' claims, however, it would merely limit the Court's authority to grant injunctive relief. It has no bearing on the propriety of joinder. *See Biden v. Texas*, 597 U.S. 785, 801 (2022) ("By its plain terms, and even by its title, section 1252(f)(1) is nothing more or less than a limit on injunctive relief." (citation modified)).

Second, the government argues that joinder is improper here because plaintiffs may not

challenge conditions of confinement in an action asserting habeas claims. As the government notes, "the Ninth Circuit has long held that the writ of habeas corpus is limited to attacks upon the legality or duration of confinement and does not cover claims based on allegations that the terms and conditions of incarceration" are unconstitutional. *See Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023). But the fact that the writ of habeas corpus itself may not be used to challenge the terms and conditions of incarceration does not necessarily bar plaintiffs from joining a habeas petition challenging the fact of detention in the same action as a non-habeas claim challenging conditions of confinement. *See Zepeda Rivas v. Jennings*, 465 F. Supp. 3d 1028, 1036 (N.D. Cal. 2020) (allowing conditions-of-confinement claims asserted in a habeas petition to proceed pursuant to the Court's non-habeas equitable authority). The government has pointed to no statute or rule that mandates such claim-splitting in contravention of Rules 18 and 20 and the well-established policies served thereby.

Third, the government argues that joinder of multiple habeas petitioners in a single case is per se improper due to the factual specificity of habeas claims, which may involve "allegations, defenses, evidence, or legal theories that are distinctly applicable to each petitioner." *Acord v. California*, No. 17-cv-01089, 2018 WL 347770, at *1 (E.D. Cal. Jan. 10, 2018). District courts in California take differing views on the propriety of joinder in habeas cases. *Compare, e.g.*, *Acord*, 2018 WL 347770, at *1 (noting that "permitting multiple petitioners to file a single habeas petition … generally is not permitted") *with Espinoza v. Kaiser*, No. 1:25-CV-01101, 2025 WL 2581185, at *9 (E.D. Cal. Sept. 5, 2025) (explaining that "it is not unprecedented for a district court to issue injunctive relief to multiple immigration detainees joined into one habeas Petition" and that doing so may be proper where "the allegations in [a] habeas case involve a 'systemic pattern of events' that is common to all Petitioners"). In the absence of any specific statute or rule establishing a per se prohibition on joinder of multiple habeas petitions in one action, this Court cannot conclude that such joinder is impermissible where the requirements of Rules 18 and 20 are otherwise satisfied. Instead, the differing approaches taken by courts within the Ninth Circuit are better understood to reflect that the factual and legal issues raised by a habeas petition will often be sufficiently distinct and individualized to preclude satisfaction of Rule 20's requirements.

6

In short, the government has not identified any reason why the Court is *required* to sever the claims being asserted in the amended complaint into different actions. Nonetheless, given the government's position that the issues presented therein would be better addressed in distinct lawsuits, and because plaintiffs have not identified any prejudice that would result from severance, the Court grants the government's motion and exercises its authority under Rule 21 to sever plaintiffs' class claims and Ms. Garcia and Ms. Alvarado Ambrocio's individual habeas claims into actions separate from Ms. Pablo Sequen's original habeas claim.

## II.     The Court declines to reassign the severed claims.

The government argues that, once severed, all claims except Ms. Pablo Sequen's original habeas claims should be randomly reassigned pursuant to this Court's general assignment system. The Court declines to do so. The government offers no authority to support its proposal, and courts in this district routinely retain severed cases. *See, e.g.*, *Am. Small Bus. League v. United States Off. of Mgmt. & Budget*, No. 20-cv-07126, 2021 WL 4459667, at *4 (N.D. Cal. Apr. 21, 2021); *CJ Inv. Servs., Inc. v. Williams*, No. 08-cv-5550, 2012 WL 547176, at *3 (N.D. Cal. Feb. 17, 2012). Given the substantial time that the Court has already invested in this matter—including conducting more than three hours of hearings, issuing four orders on requests for emergency or preliminary relief, and considering four pending motions—reassigning the cases would not promote judicial economy. *See Lesnik v. Eisenmann SE*, No. 16-cv-01120, 2018 WL 10911942, at *1 (N.D. Cal. June 19, 2018) (explaining that judicial economy is among the factors considered on a motion to sever). And while the government argues that random reassignment is necessary to avoid "prejudice," it has not explained how the Court's retention of the cases would cause any prejudice. The government insists that plaintiffs' "conduct suggests they perceive a benefit to being in this Court," but mere suspicion about opposing parties' motives in joining new claims or parties to a case does not, without more, necessitate reassignment.

In any case, reassigning the severed cases would be futile. For the reasons explained above, plaintiffs' class claims concern substantially the same parties and underlying events as Ms. Pablo Sequen's habeas claim, and Ms. Garcia and Ms. Alvarado Ambrocio's habeas claims concern the same parties and underlying events as the class claims. The severed claims would

1  therefore ultimately all be deemed related under Civil Local Rule 3-12(a) and, if reassigned, would
2  ultimately be assigned back to this Court. *See* Civ. L.R. 3-12(c) (authorizing *sua sponte* judicial
3  referrals to determine whether cases are related); Civ. L.R. 3-12(f)(3) (providing that related cases
4  shall be reassigned to the court assigned to the lowest-numbered case). The Court declines to
5  engage in such a fruitless exercise.

## CONCLUSION

For the foregoing reasons, the government's motion to sever is granted. Because several motions concerning plaintiffs' APA and constitutional claims on behalf of the putative classes are currently pending before the Court, those class claims shall remain under the existing case number for administrative convenience. Ms. Pablo Sequen, Ms. Garcia, and Ms. Alvarado Ambrocio's individual habeas claims shall proceed in three separate cases. The Clerk of the Court shall open a new case with a separate case number for each of the three new habeas actions. No additional filing fee is due. The new cases shall be assigned to the undersigned, and this order shall be the first docket entry in each of the new cases. Within seven days of the date of this order, Ms. Pablo Sequen, Ms. Garcia, and Ms. Alvarado Ambrocio shall file an amended habeas petition in each new matter. Their habeas actions shall be deemed to have been initiated as of the date on which their habeas claims were filed in this action. Defendants in each new case shall respond to the petition within 14 days of the filing thereof. This Court's prior orders granting preliminary injunctive relief on the habeas claims, Dkt. Nos. 27 and 90, shall remain in effect pending final resolution of those claims. Plaintiffs' motion for leave to file a sur-reply in opposition to the government's motion to dismiss and to sever, Dkt. No. 133, is denied.

**IT IS SO ORDERED.**

Dated: November 24, 2025

P. Casey Pitts
United States District Judge