UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Defendants. | Case No. 25-cv-06487-PCP<br><br>**ORDER DENYING MOTION FOR STAY PENDING APPEAL**<br><br>Re: Dkt. No. 156 |

The government moves for a stay pending appeal of this Court's order granting a preliminary injunction concerning the conditions of confinement at the San Francisco field office of Immigration and Customs Enforcement, which is located at 630 Sansome Street. *See* Dkt. No. 138. The government also moves for a stay of this Court's statements concerning the scope of that preliminary injunction at a December 22, 2025 status conference, which the government characterizes as "orders modifying, changing, and granting further injunctions." *See* Dkt. No. 151. For the reasons below, the Court denies the government's motion.

**BACKGROUND**

In this putative class action, a group of noncitizens challenges several recent policies and practices of Immigration and Customs Enforcement (ICE) and the Department of Justice's Executive Office for Immigration Review. As relevant here, plaintiffs challenge allegedly unconstitutional conditions of confinement under which ICE detains noncitizens in short-term hold rooms at its San Francisco field office, which is located at 630 Sansome Street.

On behalf of a proposed "detention class," plaintiffs moved for a preliminary injunction requiring that ICE restore conditions of confinement at 630 Sansome to the constitutional minimums required by the Fifth Amendment. The Court provisionally certified the detention class

1    and granted the requested preliminary injunction. *See* Dkt. No. 138. In its order, the Court

2    explained that "hold rooms" are rooms "in one of [ICE's] field offices, such as 630 Sansome," that

3    "are primarily used for … short-term confinement" and in which ICE detains noncitizens between

4    "arrest[ing] [them] for an alleged immigration violation" and "process[ing] the[m] for long-term

5    detention elsewhere." *Id.* at 5 (first alteration in original). The Court then explained that the merits

6    of plaintiffs' motion for a preliminary injunction turned on "whether the conditions of

7    confinement in the hold rooms *at 630 Sansome* are likely punitive." *Id.* at 40 (emphasis added).

8    After answering that question in the affirmative, and concluding that the other *Winter* factors

9    favored plaintiffs, the Court preliminarily enjoined the government from subjecting detained

10   noncitizens to certain "conditions of confinement relating to sleep, hygiene, and medical care *at

11   630 Sansome*." *Id.* at 49 (emphasis added).

12           On December 22, 2025, at the parties' request, the Court held a status conference to clarify

13   the scope of several disputed terms in the preliminary-injunction order. *See* Dkt. No. 151. Among

14   the disputed terms was the meaning of the "hold rooms at 630 Sansome" to which the preliminary

15   injunction applies. That dispute arose from changes to ICE's detention practices after the

16   preliminary injunction went into effect. Prior to the preliminary injunction, ICE had detained

17   noncitizens at 630 Sansome only in hold rooms on the sixth floor. But the parties explained that in

18   the wake of the preliminary-injunction order, ICE ceased detaining noncitizens on the sixth floor

19   and instead began detaining them in rooms on the fifth floor. ICE had also begun transferring

20   some detainees from 630 Sansome to a satellite facility overseen by ICE's San Francisco field

21   office in Stockton before placing the detainees in long-term detention facilities. At the conference,

22   plaintiffs asserted that ICE was subjecting class members to unconstitutional conditions of

23   confinement on the fifth floor of 630 Sansome and at the Stockton facility, in violation of the

24   preliminary injunction. The government disputed plaintiffs' characterization of conditions on the

25   fifth floor and in Stockton, and it argued that the preliminary injunction applies only to hold rooms

26   on the sixth floor of 630 Sansome.

27           The Court explained that its preliminary-injunction order contains no language suggesting

28   that it applies only to the sixth floor of 630 Sansome and that the order covers *all* "hold rooms at

2

630 Sansome." That is, the order applies to any room in that building which are "primarily used for … short-term confinement" of noncitizens between their "arrest[]for an alleged immigration violation" and their placement in "long-term detention elsewhere." Were plaintiffs' assertions concerning ICE's activities on the fifth floor of 630 Sansome accurate, the Court reasoned, those activities would thus likely violate the preliminary injunction. But the Court took no view as to the accuracy of plaintiffs' representations due to the lack of evidence concerning the use of and conditions on the fifth floor.

The Court also explained that while the Stockton facility may fall outside the literal scope of the preliminary injunction, ICE's use of the facility to continue subjecting noncitizens who would otherwise have been detained at 630 Sansome to unconstitutional conditions of confinement would violate "the spirit of the injunction." *See Epic Games, Inc. v. Apple Inc.*, No. 25-2935, 2025 WL 3548683, at *7 (9th Cir. Dec. 11, 2025) (citation modified). Such "a dubiously literal interpretation of the injunction … designed to evade the injunction's goals," the Court noted, would be grounds for a finding of contempt. *See id.* But again, due to the lack of evidence before it, the Court expressed no view on the accuracy of plaintiffs' assertions about the use of and conditions at the Stockton facility.

Finally, after receiving multiple requests to substantively modify the preliminary injunction, the Court explained that it could do so only pursuant to a properly filed motion. The Court therefore instructed the parties to seek any substantive modifications by motion rather than at the status conference.

On December 23, 2025, the government appealed the preliminary-injunction order "including … any order … modifying, changing, or granting an injunction during the Status Conference on December 22, 2025."  On December 26, 2025, the government filed a motion for a stay pending appeal of the preliminary-injunction order and what the government characterizes as the Court's "status conference orders." The parties agreed that plaintiffs would respond within five days, and plaintiffs filed their opposition to the motion on December 30, 2025.

## DISCUSSION

A stay pending appeal is "an exercise of judicial discretion," and "[t]he party requesting a

stay bears the burden of showing that the circumstances justify an exercise of that discretion[.]" *Immigr. Defs. L. Ctr. v. Noem*, 145 F.4th 972, 983 (9th Cir. 2025) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009). Four factors guide the Court's exercise of its discretion:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* "The first two factors are the most critical," *id.* (citation modified), and the Court need only consider the first factor here because the government has shown no likelihood of success on the merits (nor "serious questions" going to the merits), s*ee Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009) (holding that in the preliminary-injunction context a court need not consider irreparable harm if the movant "failed to show a likelihood of success").

The government argues that it is likely to succeed on the merits of its appeal because the Court expanded the existing preliminary injunction or granted new injunctions at the December 22, 2025 status conference without the notice or specificity required by Federal Rule of Civil Procedure 65. The Court did no such thing. As detailed above, the Court's remarks at the status conference clarified that the preliminary injunction *already* covered the whole of ICE's field office at 630 Sansome and not just the sixth floor. In other words, the Court offered a clarification of the scope of existing relief; it neither substantively modified that relief nor granted new relief. Additional notice was not required for such a clarification, *see* Fed. R. Civ. P. 65(a)(1) (requiring notice only when a court "issue[s] a preliminary injunction"), and the government does not explain its contention that "the terms [clarified by the Court] are not specific and do not describe what is enjoined."[1] And although the government insists that the Court extended the preliminary injunction to cover ICE's "other facilities," the Court simply reiterated the principle—recently reaffirmed by the Ninth Circuit—that a party may be held in contempt where it uses an overly

---

[1] While the government suggests that it lacked notice prior to the status conference that plaintiffs sought to enjoin unconstitutional conditions of confinement beyond the sixth floor, plaintiffs' motion for a preliminary injunction belies that assertion. Nowhere does the motion refer to the sixth floor. The motion asked for building-wide relief, seeking "a preliminary injunction direct[ing] Defendants to bring detention conditions in Hold Rooms at 630 Sansome up to constitutional minimums."

4

literal interpretation of an injunction to flout the injunction's purpose, even if the "the strict letter of the injunction was not violated." *See Epic Games*, 2025 WL 3548683, at *7. The Court neither determined whether ICE was interpreting the preliminary injunction in such a manner nor issued any injunction with respect to facilities outside 630 Sansome.

Because the government's merits arguments are premised entirely on the erroneous assertion that the Court granted new injunctive relief at the status conference, rather than clarifying the scope of the existing relief, the government has demonstrated no likelihood of success. The Court therefore exercises its discretion to deny a stay pending appeal.[2]

## CONCLUSION

For the foregoing reasons, the government's motion for a stay pending appeal, Dkt. No. 156, is DENIED.

**IT IS SO ORDERED.**

Dated: December 31, 2025

P. Casey Pitts
United States District Judge

---

[2] The government also argues that "[b]ecause of the filing of the notice of appeal, the Court lacks jurisdiction over the preliminary injunction," including jurisdiction to order the production of "information about [ICE's] operations and facilities other than those specified in the [preliminary-injunction] order." This argument does not bear on the government's request for a stay pending appeal. But for the parties' benefit, the Court notes that it retains jurisdiction to clarify and enforce the preliminary injunction and to modify it pending appeal as needed to preserve the status quo. *See Thakur v. Trump*, 795 F. Supp. 3d 1168, 1178–79 (N.D. Cal. 2025).