1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   PAMELA T. JOHANN (CABN 145558)
3  Chief, Civil Division

4  DOUGLAS JOHNS (CABN 314798)
   Assistant United States Attorney
5
         60 South Market Street, Suite 1200
6        San Jose, California 95113
         Telephone: (415) 846-8947
7        FAX: (408) 535-5081
         Douglas.Johns@usdoj.gov
8
   Attorneys for Defendants
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13
   CARMEN ARACELY PABLO SEQUEN,        )   CASE NO. 25-cv-06487-PCP
14 YULISA ALVARADO AMBROCIO, and       )
   LIGIA GARCIA,                       )
15                                     )   **STIPULATED PROTECTIVE**
         Plaintiffs,                   )   **ORDER; ORDER**
16                                     )
      v.                               )
17                                     )
   SERGIO ALBARRAN, MARCOS CHARLES,    )   Honorable P. Casey Pitts
18 THOMAS GILES, MONICA BURKE, KRISTI  )   United States District Judge
   NOEM, U.S. DEPARTMENT OF            )
19 HOMELAND SECURITY, TODD M. LYONS,   )
   SIRCE E. OWEN, PAMELA BONDI, U.S.   )
20 IMMIGRATION AND CUSTOMS             )
   ENFORCEMENT, UNITED STATES          )
21 DEPARTMENT OF JUSTICE, EXECUTIVE    )
   OFFICE FOR IMMIGRATION AND          )
22 REVIEW, UNITED STATES OF AMERICA,   )
                                       )
23       Defendants-.                  )
                                       )
24 _____ )

25

26

27

28
   STIPULATED PROTECTIVE ORDER
   25-CV-06487-PCP

This Stipulated Protective Order is entered into by, and between, Plaintiffs and Defendants by, and through, their respective attorneys as follows:

1.    <u>PURPOSES AND LIMITATIONS</u>

Plaintiffs and Defendants (collectively, "the parties") stipulate, recognize, and acknowledge that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that are subject to legal protection from public disclosure because the information is:

(a)    a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

///
///
///
///

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

1

(b)      personal financial, medical or other private information relating to an individual, including a non-U.S. citizen, that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2, including any document, information, or tangible thing protected by the provisions of the Family and Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. Part 99; certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)); or health information for which there may be no waiver by the patient to produce the records to an entity outside one of the parties;

(c)      information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a, and information that would be covered by the Privacy Act if the subject of the information had been a U.S. Citizen or lawful permanent resident;

(d)      personally-identifying information regarding any individual currently or formerly in the custody of the U.S. Immigration and Customs Enforcement, including but not limited to name, date of birth, Social Security number, driver's license number, foreign identification documents, A-number and information contained in individual detainee files (e.g., "A Files"), email addresses, phone numbers, mailing addresses, and personal financial information;

///

///

///

///

///

///

///

///

///

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

2

(e)     information contained in or pertaining to an individual's (1) asylum, refugee, credible fear, or reasonable fear claims, applications, interviews, determinations, or reviews-including applications for relief under the Convention Against Torture; (2) non-refoulement interviews; (3) legalization applications under 8 U.S.C. § 1255a; (4) Special Agricultural Worker applications under 8 U.S.C. § 1160; (5) applications for temporary protected status under 8 U.S.C. § 1254a; (6) information that relates to an noncitizen who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2); or (7) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child (*see* 8 C.F.R. §§ 216.5(a)(l)(iii) and (e)(3)(viii); 8 C.F.R. § 1216.S(a)(l)(iii); 8 U.S.C. § 1154(a)(l)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(l)(B)(ii), (iii) and (iv)); (7) information protected by 8 U.S.C. §§ 1367, 1202 *et seq.*, 1304(b); 22 U.S.C. § 7105(c)(l)(C)(ii); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6;

(f)     sensitive, privileged, or confidential information about Defendants' law enforcement, immigration enforcement, or national security operations or intelligence policies or procedures (including the names and contact information of third parties, and non-Senior Executive Service and non-federal employees), and confidential personnel information, including identifying information, contact information, identifying personnel numbers, and other personally-identifying information of non-public-facing federal employees, where release of such information to the public may adversely impact identifiable law enforcement, immigration enforcement, immigration, or national security interests; and

(g)     any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations.

The parties agree to meet and confer pursuant to Section 6.2 to determine whether any information properly placed in the public record should be designated as "CONFIDENTIAL."

///

///

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

2.3    <u>Counsel</u>: counsel of Record for Plaintiffs and Defendants as their support staff and attorneys who are affiliated with the law firm, agency, or entity which is Counsel of Record for each party, and, for Defendant, Counsel for the applicable Federal Departments and Agencies.

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.9    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating/interpretation, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.12    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

///

///

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

4

3.    <u>SCOPE</u>

(a)    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(b)    This Stipulated Protective Order applies to discovery and pre-trial proceedings in this action, whether the Protected Material is produced by a party or by a person or entity who is not a party to this action (a "non-party"). This Order binds the parties and their respective agents, successors, personal representatives, and assignees. Any use of Protected Material at trial shall be governed by a separate agreement or order.

(c)    The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v). All patient identifiable information shall be designated "confidential" using the process in Section C of this Protective Order and may be used or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

(d)    Neither the termination of this action nor the termination of employment of any person who has had access to any Protected Material shall relieve such person of his or her obligations under this Protective Order, which shall survive, unless and until otherwise ordered by the Court.

///

///

///

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

///

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

6

1    (a)    For information in documentary form (e.g., paper or electronic documents, but

2  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix

3  the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions

4  of the material on a page qualifies for protection, the Producing Party also must clearly identify the

5  protected portion(s) (e.g., by making appropriate markings in the margins). To the extent that documents

6  produced in other court actions subject to protective orders entered by those courts ("Other Court

7  Actions") are produced in this action, the Producing Party shall identify those designations that were made

8  for the purposes of Other Court Actions and sufficiently mark them so they may be differentiated from

9  designations made for the purposes of this action. Where pages marked "CONFIDENTIAL" in the

10  productions of these Other Court Actions do not identify the protected portions thereof, the parties shall

11  meet and confer as necessary to address de-designating any "CONFIDENTIAL" markings. The parties do

12  not waive their rights to challenge the confidentiality designations in specific documents produced from

13  the Other Court Actions. Any challenges shall be governed by Section 6 of this Order. A Party or Non-

14  Party that makes original documents or materials available for inspection need not designate them for

15  protection until after the inspecting Party has indicated which material it would like copied and produced.

16  During the inspection and before the designation, all of the material made available for inspection shall be

17  deemed "CONFIDENTIAL."

18    After the inspecting Party has identified the documents it wants copied and produced, the

19  Producing Party must determine which documents, or portions thereof, qualify for protection under this

20  Order. Then, before producing the specified documents, the Producing Party must affix the

21  "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of

22  the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

23  portion(s) (e.g., by making appropriate markings in the margins).

24  ///
   ///

25  ///

26  ///

27  ///

28

1    (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the

2    Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding,

3    all protected testimony. When it is impractical to identify separately each portion of testimony that is

4    entitled to protection and it appears that substantial portions of the testimony may qualify for protection,

5    the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is

6    concluded) a right to have up to 21 days after the transcript becomes available to identify the specific

7    portions of the testimony as to which protection is sought and to specify the level of protection being

8    asserted. Only those portions of the testimony that are appropriately designated for protection within the

9    21 days shall be covered by the provisions of this Stipulated Protective Order.

10    (c)    for information produced in some form other than documentary and for any other

11    tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

12    containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or

13    portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall

14    identify the protected portion(s).

15    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate

16    qualified information or items does not, standing alone, waive the Designating Party's right to secure

17    protection under this Order for such material. Upon timely correction of a designation, the Receiving Party

18    must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

19    Order.

20    6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

21    6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

22    confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation

23    is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

24    disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

25    designation by electing not to mount a challenge promptly after the original designation is disclosed.

26    ///

27    ///

28

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

1    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by

2    providing written notice of each designation it is challenging and describing the basis for each challenge.

3    To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

4    challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

5    Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

6    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7

7    days of the date of service of notice.

8    In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

9    designation was not proper and must give the Designating Party an opportunity to review the designated

10    material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

11    for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process

12    only if it has engaged in this meet and confer process first or establishes that the Designating Party is

13    unwilling to participate in the meet and confer process in a timely manner.

14    6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention,

15    the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and

16    in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the initial notice of challenge or

17    within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute,

18    whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the

19    movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure

20    by the Designating Party to make such a motion including the required declaration within 14 days (or 7

21    days, if applicable) shall automatically waive the confidentiality designation for each challenged

22    designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation

23    at any time if there is good cause for doing so, including a challenge to the designation of a deposition

24    transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by

25    a competent declaration affirming that the movant has complied with the meet and confer requirements

26    imposed by the preceding paragraph.

27    ///

28

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

1    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

2    Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

3    expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

4    Designating Party has waived the confidentiality designation by failing to file a motion to retain

5    confidentiality as described above, all parties shall continue to afford the material in question the level of

6    protection to which it is entitled under the Producing Party's designation until the court rules on the

7    challenge.

8    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

10   produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending,

11   or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

12   persons and under the conditions described in this Order. When the litigation has been terminated, a

13   Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

14       Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

15   manner that ensures that access is limited to the persons authorized under this Order.

16       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

17   court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

18   item designated "CONFIDENTIAL" only to:

19       (a)    the Receiving Party's Counsel of Record in this action;

20       (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is

21   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

22   Bound" (Exhibit A);

23       (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure

24   is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

25   Be Bound" (Exhibit A);

26   ///

27   ///

28
STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP
                                10

1    (d)    the court and its personnel including, but not limited to, any judicial officer to whom

2    this Court may refer this matter for settlement purposes;

3    (e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and

4    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed

5    the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

7    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

8    otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition

9    testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court

10   reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

11   (g)    the author or recipient of a document containing the information or a custodian or

12   other person who otherwise possessed or knew the information.

13   8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

14   <u>LITIGATION</u>

15   If a Party is served with a subpoena or a court order issued in other litigation that compels

16   disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

17   (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of

18   the subpoena or court order;

19   (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other

20   litigation that some or all of the material covered by the subpoena or order is subject to this Protective

21   Order. Such notification shall include a copy of this Stipulated Protective Order; and

22   (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating

23   Party whose Protected Material may be affected.

24   ///
///

25   ///

26   ///

27   ///

28

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

1    If the Designating Party timely seeks a protective order, the Party served with the subpoena or

2    court order shall not produce any information designated in this action as "CONFIDENTIAL" before a

3    determination by the court from which the subpoena or order issued, unless the Party has obtained the

4    Designating Party's permission. The Designating Party shall bear the burden and expense of seeking

5    protection in that court of its confidential material – and nothing in these provisions should be construed as

6    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another

7    court.

8    9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>

9        <u>LITIGATION</u>

10    (a)    The terms of this Order are applicable to information produced by a Non-Party in this

11    action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection

12    with this litigation is protected by the remedies and relief provided by this Order. Nothing in these

13    provisions should be construed as prohibiting a Non-Party from seeking additional protections.

14    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's

15    confidential information in its possession, and the Party is subject to an agreement with the Non-Party not

16    to produce the Non-Party's confidential information, then the Party shall:

17    (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all

18    of the information requested is subject to a confidentiality agreement with a Non-Party;

19    (2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

20    this litigation, the relevant discovery request(s), and a reasonably specific description of the information

21    requested; and

22    (3)    make the information requested available for inspection by the Non-Party.

23    ///

24    ///

25    ///

26    ///

27    ///

28

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

1    (c)    If the Non-Party fails to object or seek a protective order from this court within 14

2    days of receiving the notice and accompanying information, the Receiving Party may produce the Non-

3    Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

4    protective order, the Receiving Party shall not produce any information in its possession or control that is

5    subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a

6    court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this

7    court of its Protected Material.

8    10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

9    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to

10   any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving

11   Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

12   its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

13   persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

14   person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

15   Exhibit A.

16   11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

17          <u>MATERIAL</u>

18   (a)    Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right

19   of privacy, or proprietary interest with respect to any information or item. When a Producing Party gives

20   notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or

21   other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

22   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

23   an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule

24   of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

25   communication or information covered by the attorney-client privilege or work product protection, the

26   parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

27

28

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

13

(b)     If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (i) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (ii) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and (iii) within five calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

(c)     This provision is not intended to modify whatever procedure may be established in an ediscovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties have reached an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

///

///

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

12.3    Need to disclose in Open Court. If the need arises for any Party to disclose Confidential Information in a proceeding in open Court or at any hearing or trial, it may do so only after giving notice to the Producing Party, with such notice to be provided in not less than five (5) days prior to the hearing except upon a showing of good cause. Producing Party, after a good faith effort to meet-and-confer, may seek additional relief from the Court.  If the Court schedules a hearing to occur less than five (5) days from the date the hearing is scheduled, the notice contemplated by this Section shall be accomplished within twenty-four (24) hours, or as soon as practicable. The notice contemplated by this Section for purposes of a Party who asserts the need to disclose Confidential Information at trial may be accomplished by provision of a pre-trial exhibit list and resolution of any objection by the Court at a Pretrial Conference. This Paragraph 12.4 does not apply to filing documents to the docket; such filings are governed by Local Civil Rule 79-5.

///
///
///
///
///
///

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

1     12.4    Privacy Act. The United States is authorized to produce personal identifying information

2  as further defined in the Privacy Act of 1974, 5 U.S.C. § 552a, and the Privacy Act of 1974's regulations

3  contained within electronically stored information or hard copy documents. Any electronically stored

4  information or hard copy documents containing such personal identifying information will be deemed

5  Confidential Information, regardless of whether the electronically stored information or hard copy

6  documents are marked with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend

7  designating the information as Confidential Information. Notwithstanding the foregoing, Counsel for the

8  Defendants will make reasonable efforts to designate any documents or materials containing such

9  personal identifying information as "CONFIDENTIAL."

10     12.5 Applicability to Parties Later Joined. If additional persons or entities become parties to this

11  Action, they must not be given access to any Confidential Information until they execute and file with

12  the Court their written agreement to be bound by the provisions of this Order.

13  13.    <u>FINAL DISPOSITION</u>

14     Within 60 days after the final disposition of this action, as defined in paragraph 4, each

15  Receiving Party must return all Protected Material to the Producing Party or destroy such material. As

16  used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries,

17  and any other format reproducing or capturing any of the Protected Material. Whether the Protected

18  Material is returned or destroyed, the Receiving Party must submit a written certification to the

19  Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline

20  that (1) identifies (by category, where appropriate) all the Protected Material that was returned or

21  destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

22  summaries or any other format reproducing or capturing any of the Protected Material.

23  ///

24  ///

25  ///

26  ///

27  ///

28

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

1    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

2  motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition

3  and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

4  such materials contain Protected Material. Any such archival copies that contain or constitute Protected

5  Material remain subject to this Protective Order as set forth in Section 4 (DURATION). The parties do

6  not intend for this Stipulated Protective Order to change, alter, or modify any obligations that they may

7  have under any statutes, rules or regulations including, but not limited to, 44 U.S.C. § 3101, et seq., and

8  5 U.S.C. § 552, et seq.

9    **SO STIPULATED, THROUGH COUNSEL OF RECORD.**

10                                                    Respectfully submitted,

11                                                    CRAIG H. MISSAKIAN
                                                     United States Attorney
12

13   DATED: January 28, 2026              */s/ Douglas Johns*
                                                     DOUGLAS JOHNS
14                                                    Assistant United States Attorney
                                                     Attorneys for Defendants
15

16   DATED:  January 28, 2026              LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE
                                                     SAN FRANCISCO BAY AREA
17

18                                          By:    */s/ Marissa Hatton*
                                                     MARISSA HATTON
19                                                    ANDREW NTIM
                                                     JORDAN WELLS
20                                                    NISHA KASHYAP
                                                     Attorneys for Plaintiffs
21

22   DATED:  January 28, 2026              CARECEN SF

23                                          By:    */s/ Laura Victoria Sanchez*
                                                     LAURA VICTORIA SANCHEZ
24                                                    TALA BERARDI HARTSOUGH
                                                     Attorneys for Plaintiffs
25

26

27

28

DATED: January 28, 2026                     AMERICAN CIVIL LIBERTIES UNION
                                            FOUNDATION OF NORTHERN CALIFORNIA

                                     By:        /s/ Neil K. Sawhney
                                            _____
                                            NEIL K. SAWHNEY
                                            LAUREN M. DAVIS
                                            Attorneys for Plaintiffs

DATED: January 28, 2026                     COBLENTZ PATCH DUFFY & BASS LLP

                                     By:        /s/ Mark Hejinian
                                            _____
                                            MARK L. HEJINIAN
                                            MARCIA V. VALENTE
                                            DAVID C. BEACH
                                            CHARMAINE G. YU
                                            EVAN G. CAMPBELL
                                            DARIEN LO
                                            Attorneys for Plaintiffs

## ATTESTATION

In compliance with Civil L.R. 5-1(i)(3), I, Douglas Johns, attest that I have obtained concurrence in the filing of this document from each of the other signatories.


Dated: January 28, 2026          By:     /s/ Douglas Johns
                                        _____
                                        Douglas Johns


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: January 29, 2026          _____

                                 HONORABLE
                                 UNITED STATE



GRANTED

Judge Nathanael M. Cousins

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Carmen Aracely Pablo Sequen, et al. v. Sergio Albarran, et al.*, No. 25-cv-06487-PCP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER
25-CV-06487-PCP

19