Mark L. Hejinian (SBN 281417)
ef-mlh@cpdb.com
Marcia V. Valente (SBN 321852)
ef-mvv@cpdb.com
David C. Beach (SBN 226972)
ef-dcb@cpdb.com
Charmaine G. Yu (SBN 220579)
ef-cgy@cpdb.com
Evan G. Campbell (SBN 342223)
ef-egc@cpdb.com
Darien Lo (SBN 347244)
ef-dxl@cpdb.com
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA  94104
Telephone: (415) 391-4800

Neil K. Sawhney (SBN 300130)
nsawhney@aclunc.org
Lauren M. Davis (SBN 357292)
ldavis@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

Marissa Hatton (SBN 348678)
mhatton@lccrsf.org
Andrew Ntim (SBN 347084)
antim@lccrsf.org
Jordan Wells (SBN 326491)
jwells@lccrsf.org
Nisha Kashyap (SBN 301934)
nkashyap@lccrsf.org
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 543-9444

Laura Victoria Sanchez (SBN 253736)
laura@carecensf.org
Tala Berardi Hartsough (SBN 230204)
tala@carecensf.org
CARECEN SF
3101 Mission Street, Suite 101
San Francisco, CA  94110
Telephone: (415) 642-4402

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

<table>
<tr><td>

CARMEN ARACELY PABLO SEQUEN, YULISA ALVARADO AMBROCIO, and LIGIA GARCIA,

Plaintiffs,

v.

SERGIO ALBARRAN, MARCOS CHARLES, THOMAS GILES, MONICA BURKE, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, SIRCE E. OWEN, PAMELA BONDI, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION AND REVIEW, UNITED STATES OF AMERICA

Defendants.

</td><td>

Case No. 5:25-CV-06487-PCP-NC

**DECLARATION OF GRAEME BLAIR IN SUPPORT OF MOTION FOR FINAL CLASS CERTIFICATION**

[*Filed concurrently with Notice of Motion and Motion for Final Class Certification*]

Judge: Hon. P. Casey Pitts
Date:  March 26, 2026
Time:  10:00 a.m.
Crtrm.: 8


Trial Date:          None Set

</td></tr>
</table>

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

DECLARATION OF GRAEME BLAIR ISO MOTION FOR FINAL CLASS CERTIFICATION

**DECLARATION OF GRAEME BLAIR**

I, Graeme Blair, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a professor of political science at UCLA. I study policing and how to make social science research more credible, ethical, and useful. I teach courses on research design and data analysis for undergraduates and Ph.D. students. My book, *Research Design in the Social Sciences*, was published by Princeton University Press in 2023, and my book *Crime, Insecurity, and Community Policing* was published by Cambridge University Press in 2024. I received a Ph.D. in politics from Princeton University and a B.A. in political science from Reed College. I am the recipient of the Leamer-Rosenthal Prize in Open Social Science.

2. I am also the Co-Director at the Deportation Data Project, which collects, analyzes, and posts public, anonymized U.S. government immigration enforcement datasets. In addition to posting publicly available data on its website, the Deportation Data Project uses the Freedom of Information Act to obtain datasets from federal government agencies and publishes analysis of the datasets it receives.

3. I submit this declaration at the request of plaintiffs' counsel in the above-captioned case.

4. For my calculations in this declaration, I used the CASE dataset posted by the Executive Office of Immigration Review ("EOIR") in its FOIA Library.[1] I am familiar with the spreadsheets and the data contained therein.

5. The spreadsheets track immigration proceedings and record the detention status of individuals whose cases are pending or complete in the immigration courts and the Board of Immigration Appeals ("BIA"). They include, among other things, the immigration charges against each person, their entry date, the date on the Notice to Appear ("NTA"), the date and time of every

---

[1] Available at https://www.justice.gov/eoir/foia-library-0. Because of the sheer volume of the spreadsheets, which would be millions of pages in length if printed or saved in paginated format, it is impractical to submit copies to the Court. As a result, pursuant to Federal Rule of Evidence 1006, this declaration contains a summary of the contents of the spreadsheets.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

DECLARATION OF GRAEME BLAIR ISO MOTION FOR FINAL CLASS CERTIFICATION

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

hearing scheduled in the case, the outcome of the case, and, when applicable, an appeal. They do not include personally identifiable information, such as names or A-numbers.

6.    The most recent EOIR CASE dataset, which was posted in early January, contains 11,919,356 unique cases. Each "case" in the EOIR CASE dataset does not necessarily correspond to a different, unique individual. For example, if a removal proceeding against a specific individual ends, and later, DHS issues a new charging document against them, two "cases" corresponding with that same individual would appear in the EOIR CASE dataset.

7.    Plaintiffs' counsel asked me to examine how many noncitizens had been arrested at an immigration courthouse while appearing for a proceeding on a nondetained docket.

8.    To do this, I combined information from the proceedings table, the hearings table, and the custody history table. I start with hearings. I join to that table the proceeding type and recorded detention date in the proceedings table, if any, based on the proceeding identifier. The custody history table records each instance of detention and release by case. I join this to augmented hearings table, so that I have every instance of detention recorded in the CASE dataset. I then filter to hearings in standard removal proceedings.[2]

9.    I then filter to hearings in the area of responsibility of the San Francisco ICE Field Office. According to the ICE website, this includes Northern California, Hawaii, Guam, Saipan. This includes immigration courts in San Francisco, CA; Sacramento, CA; Concord, CA; Hagatna, GU; and Honolulu, HI; and Saipan, MP. I filter to these courts' base city codes.

10.    I then want to filter to hearings that took place in nondetained dockets within these courts. There is not a single indicator to separate detained and nondetained dockets in the CASE dataset. I identify them by inspecting the number of detained, never detained, and released proceedings by hearing location in each of the listed courts, and select the set that have very small numbers of detained proceedings, with large numbers of nondetained cases. This led to the following list: Concord Non-Detained; San Francisco - E33 Docket; Honolulu, Hawaii; Saipan, Northern Mariana Islands; San Francisco - Dedicated Docket; San Francisco Non-Detained

---

[2] I filter to proceedings with the case type "REM," for removal, during this time period.

DECLARATION OF D. BLAIR ISO MOTION FOR FINAL CLASS CERTIFICATION

Juveniles; San Francisco, California; San Francisco Annex; and Sacramento Immigration Court.

11. I then filter to hearings with a detention date within seven days of the hearing. I used the seven-day window because, in my experience, detention dates in the CASE dataset may be approximate. It is unlikely, but not impossible, that the noncitizen would be arrested in another place in this brief period, and so most likely reflects an arrest in the immigration courthouse.

12. This method for identifying courthouse arrests is not perfect. Courthouse arrests might be missed for two reasons: first, arrests are being carried out by ICE, and EOIR must independently record the arrest in the CASE dataset and may fail to do so, and second, a case may have been dismissed and then the noncitizen placed in expedited removal proceedings which ends immigration court proceedings and thus stops updates to the noncitizen's file in the CASE dataset. On the other side, some detention events recorded in the data may be miscounted as courthouse arrests in two circumstances: first, if an arrest by DHS that takes place outside the context of a courthouse happens to occur within the 7-day window as mentioned in the last paragraph, or second, if the case was misidentified in the CASE dataset and was in fact in a detained docket and the hearing takes place shortly after their book-in to detention.

13. The result of these calculations is displayed below. Each dot represents a count of the estimated number of courthouse arrests per month. The red line is January 20, 2025. The figure shows that there were very few possible courthouse arrests before 2025, when there was a large increase up to nearly 50 courthouse arrests a week. It is likely that the very small number before 2025 do not reflect courthouse arrests, and instead represent measurement error as described in the paragraph above. The figure includes data through the end of the month when the class action was filed, September 2025.

DECLARATION OF D. BLAIR ISO MOTION FOR FINAL CLASS CERTIFICATION

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663



**Figure 1: Estimated number of courthouse arrests in the SF Area of Responsibility by month from 2014 through September 2025**

14.     In order to assess whether this pattern is specific to the area of responsibility of the San Francisco ICE Field Office or is more general, I examined data for three other cities: New York City, Los Angeles, and San Antonio. I saw the same pattern: a discontinuous, large increase in estimated courthouse arrests after January 20, 2025. My analysis suggests to me both that the method I used is sound for identifying courthouse arrests and that this phenomenon indeed exists outside the San Francisco ICE Field Office's area of responsibility.

15.     Plaintiffs' counsel also asked me to examine whether individuals whose case started in immigration courts in the area of responsibility of the San Francisco ICE Field Office had been later transferred to immigration courts outside the area of responsibility. To do this, I relied on the proceedings table, which includes one record per hearing(s) that end in an immigration judge decision. When a noncitizen is transferred between courts, a new record is created representing new hearing(s) in the new court.

16.     I counted cases that originated in one of the six immigration courts in the ICE San Francisco Field Office's area of responsibility listed earlier – who were then transferred to an

DECLARATION OF D. BLAIR ISO MOTION FOR FINAL CLASS CERTIFICATION

immigration court outside the area of responsibility. I subset the data to individuals who are never detained, to avoid counting any cases in which the transfer between courts resulted from a detention and switch to a detained docket and I only examine standard removal proceedings.

17.    There were 22,235 cases that originated in an immigration court located within ICE's San Francisco Field Office area of responsibility (that is, the court of initial filing) and that were pending at any point between January 20, 2025, and December 31, 2025. This total includes both cases that were already pending as of January 20, 2025, and cases that were newly initiated during the period. Of these 22,235 cases, 6,132 were transferred at some point after they were initiated[3] to an immigration court located in a different ICE area of responsibility. Many were transferred, for example, to the Van Nuys and West Los Angeles immigration courts in the Los Angeles Field Office area of responsibility; the next most common was transfer to courts in New York City in the ICE New York City Field Office area of responsibility.

18.    Restricting attention to cases initiated on or after January 20, 2025, there were 8,641 cases originating in the ICE San Francisco Field Office area of responsibility. Of these newly initiated cases, 143 were transferred to a court in another area of responsibility at some point later in 2025. The most common next venues were immigration courts in Van Nuys, CA; New York City; Los Angeles; and Seattle.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of January, 2026, at Los Angeles, California.

_____
GRAEME BLAIR
Los Angeles, California

---

[3] This set of cases initiated in the San Francisco ICE Field Office area of responsibility that were pending between January 20, 2025, and December 31, 2025, included cases initiated between January 1, 1986 and December 31, 2025.

DECLARATION OF D. BLAIR ISO MOTION FOR FINAL CLASS CERTIFICATION

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

**ATTESTATION**

I, Mark L. Hejinian, am the ECF user whose identification and password are being used to file the foregoing document. In compliance with LR 5-1(i)(3), I hereby attest that all parties have concurred in this filing.

DATED:  January 29, 2026                    COBLENTZ PATCH DUFFY & BASS LLP


By:      */s/ Mark L. Hejinian*
         MARK L. HEJINIAN
         Attorneys for Plaintiffs

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

6                    Case No. 5:25-CV-06487-PCP-NC
DECLARATION OF D. BLAIR ISO MOTION FOR FINAL CLASS CERTIFICATION