CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

DOUGLAS JOHNS (CABN 314798)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (415) 846-8947
    FAX: (408) 535-5081
    Douglas.Johns@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN, YULISA ALVARADO AMBROCIO, and LIGIA GARCIA, <br><br>     Plaintiffs, <br><br>     v. <br><br> SERGIO ALBARRAN, MARCOS CHARLES, THOMAS GILES, MONICA BURKE, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, SIRCE E. OWEN, PAMELA BONDI, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION AND REVIEW, UNITED STATES OF AMERICA, <br><br>     Defendants. | CASE NO. 25-cv-06487-PCP <br><br> **ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Honorable P. Casey Pitts <br> United States District Judge |

**ANSWER**

Federal Defendants, Sergio Albarran, Marcos Charles, Thomas Giles, Monica Burke, Kristi Noem, United States Department of Homeland Security, Todd M. Lyons, Sirce E. Owen, Pamela Bondi, United States Immigration and Customs Enforcement ("ICE"), United States Department of Justice ("DOJ"), Executive Office for Immigration and Review, and the United States of America (collectively, "Federal Defendants"), hereby respond to Plaintiffs, Carmen Aracely Pablo Sequen, Yulisa Alvarado Ambrocio, and Ligia Garcia's (collectively, "Plaintiffs"), Amended Complaint and Petition for Writ of Habeas Corpus ("FAC") as follows:

1.      Paragraph 1 consists of Plaintiffs' characterization of the present litigation, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 1.

2.      Paragraph 2 consists of Plaintiffs' characterization of the present litigation, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 2.

3.      Paragraph 3 consists of Plaintiffs' characterization of the present litigation, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 3

4.      Federal Defendants admit that aliens are detained on the sixth floor at 630 Sansome Street, San Francisco, California 94111 ("630 Sansome"). Federal Defendants deny the remainder of the allegations in Paragraph 4.

5.      Paragraph 5 consists of Plaintiffs' characterization and interpretation of 630 Sansome, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit or deny the original intent of 630 Sansome. Federal Defendants deny the remainder of the allegations in Paragraph 5.

6.      Federal Defendants deny the allegations in Paragraph 6.

7.      Federal Defendants deny the allegations in Paragraph 7.

8.      Federal Defendants deny the allegations in Paragraph 8.

9.    Federal Defendants deny the allegations in Paragraph 9.

10.    Federal Defendants admit that Plaintiffs and Martin Hernandez-Torres were detained at 630 Sansome. Federal Defendants admit that Ms. Pablo Sequen was detained by ICE on July 31, 2025, and that Mr. Hernandez Torres was detained by ICE on September 17, 2025. Federal Defendants lack sufficient information or belief to admit the remainder of the allegations in Paragraph 10. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 10.

11.    Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 11. To the extent a response is required, Federal Defendants deny Plaintiffs' characterization of the event that occurred on September 11, 2025, as stated in Paragraph 11.

12.    Paragraph 12 consists of Plaintiffs' characterization of the present litigation and their intentions in the present litigation, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 12.

13.    Paragraph 13 consists of Plaintiffs' characterization of the present litigation and their intentions in the present litigation, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 13.

14.    Federal Defendants admit that this Court has jurisdiction except as previously challenged by Federal Defendants.

15.    Paragraph 15 consists of, and contains, Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 15 and deny the allegations for that reason.

16.    Federal Defendants admit that venue is proper in the Northern District of California except as previously challenged by Federal Defendants.

17.    Federal Defendants admit that Plaintiff, Carmen Aracely Pablo Sequen, was arrested on or around July 31, 2025, detained at 630 Sansome, and released after she filed an action in this Court. Federal Defendants lack sufficient information or belief to admit the remainder of the allegations in Paragraph 17 and deny the allegations for that reason.

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

18.     Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 18 and deny the allegations for that reason.

19.     Federal Defendants admit that Plaintiff, Ligia Garcia, was arrested on or around September 18, 2025, detained at 630 Sansome, and released after she filed an action in this Court. Federal Defendants lack sufficient information or belief to admit the remainder of the allegations in Paragraph 18 and deny the allegations for that reason.

20.     The allegations in Paragraph 20 pertain to Martin Hernandez-Torres who the Court dismissed from this action on December 29, 2025. *See* Order Granting in Part and Denying in Part Mot. to Dismiss ("Order") at 1, 15, 21, ECF No. 158. Federal Defendants aver that no response is required, but deny the allegations with respect to Martin Hernandez-Torres.

21.     Paragraph 21 consists of Plaintiffs' characterization of Sergio Albarran, to which no response is required. To the extent a response is required, Federal Defendants admit that Sergio Albarran is the Field Office Director for the San Francisco Enforcement and Removal Operations and deny all other allegations in Paragraph 21.

22.     Paragraph 22 consists of Plaintiffs' characterization of Marcos Charles, to which no response is required. To the extent a response is required, Federal Defendants admit that Marcos Charles is the Acting Executive Associate Director, Enforcement and Removal Operations and deny all other allegations in Paragraph 22.

23.     Paragraph 23 consists of Plaintiffs' characterization of Thomas Giles, to which no response is required. To the extent a response is required, Federal Defendants admit that Thomas Giles is the former Assistant Director for U.S. Immigration and Customs Enforcement and Removal Operations and deny all other allegations in Paragraph 23.

24.     Paragraph 24 consists of Plaintiffs' characterization of Monica Burke, to which no response is required. To the extent a response is required, Federal Defendants admit that Monica Burke is the Acting Assistant Director of U.S. Immigrations and Customs Enforcement's Custody Management Division and deny all other allegations in Paragraph 24.

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

25.     Paragraph 25 consists of Plaintiffs' characterization of Todd M. Lyons, to which no response is required. To the extent a response is required, Federal Defendants admit that Todd M. Lyons is the Senior Official Performing the Duties of the Director of ICE and deny all other allegations in Paragraph 25.

26.     Paragraph 26 consists of Plaintiffs' characterization of Kristi Noem, to which no response is required. To the extent a response is required, Federal Defendants admit that Kristi Noem is the Secretary of the Department of Homeland Security ("DHS") and deny all other allegations in Paragraph 26.

27.     Paragraph 27 consists of Plaintiffs' characterization of ICE, to which no response is required. To the extent a response is required, Federal Defendants admit that ICE is a federal agency within DHS and deny all other allegations in Paragraph 27.

28.     Paragraph 28 consists of Plaintiffs' characterization of DHS, to which no response is required. To the extent a response is required, Federal Defendants admit that DHS is a federal agency and deny all other allegations in Paragraph 28.

29.     Paragraph 29 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

30.     Paragraph 30 consists of Plaintiffs' characterization of Sirce E. Owen, to which no response is required. To the extent a response is required, Federal Defendants admit that Sirce E. Owen is the former Acting Director of the Executive Office for Immigration Review ("EOIR") and deny all other allegations in Paragraph 30.

31.     Paragraph 31 consists of Plaintiffs' characterization of Pamela Bondi, to which no response is required. To the extent a response is required, Federal Defendants admit that Pamela Bondi is the Attorney General of the United States of America and deny all other allegations in Paragraph 31.

32.     Paragraph 32 consists of Plaintiffs' characterization of EOIR, to which no response is required. To the extent a response is required, Federal Defendants admit that EOIR is within DOJ and deny all other allegations in Paragraph 32.

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

4

33. Paragraph 33 consists of Plaintiffs' characterization of DOJ, to which no response is required. To the extent a response is required, Federal Defendants admit that DOJ is a federal agency and deny all other allegations in Paragraph 33.

34. Paragraph 34 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

35. Paragraph 35 consists of Plaintiffs' characterization of the United States of America, to which no response is required. Paragraph 35 further consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

36. Paragraph 36 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies "for decades," to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 36 and deny the allegations for that reason.

37. Paragraph 37 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies, including, but not limited to, a 2021 Memorandum entitled "Civil Immigration Enforcement Actions in or near Courthouses," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

38. Paragraph 38 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

///

///

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

5

39.    Paragraph 39 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but not limited to, "Operating Policies and Procedures Memorandum" ("OPPM 23-01"), to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described including OPPM 23-01 and deny all allegations inconsistent therewith.

40.    Paragraph 40 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but not limited to, OPPM 23-01, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described including OPPM 23-01 and deny all allegations inconsistent therewith. To the extent a further response is required, Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 40 and deny the allegations for that reason.

41.    Paragraph 41 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 41 and deny the allegations for that reason.

42.    Paragraph 42 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith. Federal Defendants admit that upon being elected, President Trump issued Executive Order 14165, "Securing Our Borders" and Executive Order 14159, "Protecting the American People Against Invasion." Federal Defendants respectfully refer the Court to those two Executive Orders and deny all allegations inconsistent therewith.

43.    Paragraph 43 consists of Plaintiffs' interpretation and characterization of a press release issued by DHS and the memorandum entitled "Enforcement Actions in or Near Protected Areas," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the press release and the memorandum entitled "Enforcement Actions in or Near Protected Areas" and deny all allegations inconsistent therewith.

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

44. Paragraph 44 consists of Plaintiffs' interpretation and characterization of a memorandum entitled "Interim Guidance: Civil Immigration Enforcement Actions in or Near Courthouse," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the memorandum entitled "Interim Guidance: Civil Immigration Enforcement Actions in or Near Courthouse" and deny all allegations inconsistent therewith.

45. Paragraph 45 consists of Plaintiffs' interpretation and characterization of a memorandum entitled "Interim Guidance: Civil Immigration Enforcement Actions in or Near Courthouse," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the memorandum entitled "Interim Guidance: Civil Immigration Enforcement Actions in or Near Courthouse" and deny all allegations inconsistent therewith.

46. Paragraph 46 consists of Plaintiffs' interpretation and characterization of a memorandum entitled "Interim Guidance: Civil Immigration Enforcement Actions in or Near Courthouse," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the memorandum entitled "Interim Guidance: Civil Immigration Enforcement Actions in or Near Courthouse" and deny all allegations inconsistent therewith. Paragraph 46 further consist of Plaintiffs' interpretation and characterization of the Federal Government's current and former immigration policies, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

47. Paragraph 47 consists of Plaintiffs' interpretation and characterization of a memorandum entitled "Civil Immigration Enforcement Actions In or Near Courthouses," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the memorandum entitled "Civil Immigration Enforcement Actions In or Near Courthouses" and deny all allegations inconsistent therewith.

///

///

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

48. Paragraph 48 consists of Plaintiffs' interpretation and characterization of a memorandum entitled "Civil Immigration Enforcement Actions In or Near Courthouses," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the memorandum entitled "Civil Immigration Enforcement Actions In or Near Courthouses" and deny all allegations inconsistent therewith.

49. Paragraph 49 consists of Plaintiffs' interpretation and characterization of a memorandum entitled "Civil Immigration Enforcement Actions In or Near Courthouses," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the memorandum entitled "Civil Immigration Enforcement Actions In or Near Courthouses" and deny all allegations inconsistent therewith.

50. Paragraph 50 consists of Plaintiffs' interpretation and characterization of a Operating Policies and Procedures Memorandum, 25-06 ("OPPM 25-06") that cancels Operating Policies and Procedure Memorandum 23-01 ("OPPM 23-01"), to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to OPPM 25-06 and OPPM 23-01 and deny all allegations inconsistent therewith. Paragraph 50 further consists of Plaintiffs' conclusions of law, to which no response is required.

51. Paragraph 51 consists of Plaintiffs' interpretation and characterization of OPPM 25-06 that cancels OPPM 23-01, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to OPPM 25-06 and OPPM 23-01 and deny all allegations inconsistent therewith. Paragraph 51 further consists of Plaintiffs' conclusions of law, to which no response is required.

52. Paragraph 52 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and statements attributed to people working within and for President Trump's Administration, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

53.     Paragraph 53 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and statements attributed to people working within, and for, President Trump's Administration, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

54.     Paragraph 54 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and statements attributed to people working within, and for, President Trump's Administration, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

55.     Paragraph 55 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and statements attributed to people working within, and for, President Trump's Administration, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

56.     Paragraph 56 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and statements attributed to people working within, and for, President Trump's Administration including law enforcement officers, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

57.     Paragraph 57 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and statements attributed to people working within, and for, President Trump's Administration including law enforcement officers, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

58. Paragraph 58 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and statements, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

59. Federal Defendants admit that ICE's San Franciso Field Office includes Northern California, Hawaii, Guam, and Saipan. Federal Defendants admit that the immigration courts in San Francisco, Concord, and Sacramento are included within ICE's San Francisco Field Office

60. Federal Defendants admit that there is an immigration court located on the fourth floor of 630 Sansome. Paragraph 60 further consists of Plaintiffs' characterization of the immigration court at 630 Sansome, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the remaining allegations in Paragraph 60 and deny the allegations for that reason.

61. Federal Defendants deny the allegations in Paragraph 61, but admit that law enforcement officers enforce the immigration laws of the United States at all locations including 630 Sansome.

62. Paragraph 62 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and law enforcement procedures, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the remaining allegations in Paragraph 62 and deny the allegations for that reason.

63. Paragraph 63 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and law enforcement procedures, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the remaining allegations in Paragraph 63 and deny the allegations for that reason.

64. Paragraph 64 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and law enforcement procedures, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the remaining allegations in Paragraph 64 and deny the allegations for that reason.

65. Federal Defendants deny the allegations in Paragraph 65.

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

66. Paragraph 66 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and law enforcement procedures, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the remaining allegations in Paragraph 66 and deny the allegations for that reason.

67. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 67 and deny the allegations for that reason.

68. Paragraph 68 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies and law enforcement procedures, to which no response is required. To the extent a response is required, Federal Defendants admit that they must continue to enforce the immigration laws of the United States to the extent permissible under the law.

69. Federal Defendants deny the allegations in Paragraph 69.

70. Federal Defendants deny the allegations in Paragraph 70.

71. Federal Defendants deny the allegations in Paragraph 71.

72. Federal Defendants deny the allegations in Paragraph 72

73. Federal Defendants deny the allegations in Paragraph 73.

74. Federal Defendants deny the allegations in Paragraph 74

75. Federal Defendants deny the allegations in Paragraph 75.

76. Paragraph 76 consists of Plaintiffs' interpretation and characterization of ICE's Directives, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Directives described and deny all allegations inconsistent therewith.

77. Paragraph 77 consists of Plaintiffs' interpretation and characterization of ICE's Directives, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Directives described and deny all allegations inconsistent therewith.

78. Paragraph 78 consists of Plaintiffs' interpretation and characterization of ICE's Directives, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Directives described and deny all allegations inconsistent therewith.

///

79. Paragraph 79 consists of Plaintiffs' interpretation and characterization of ICE's Directives, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Directives described and deny all allegations inconsistent therewith.

80. Paragraph 80 consists of Plaintiffs' interpretation and characterization of ICE's Directives, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Directives described and deny all allegations inconsistent therewith.

81. Federal Defendants admit that 630 Sansome is subject to ICE's Directives.

82. Paragraph 82 consists of Plaintiffs' interpretation and characterization of ICE's Directives, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Directives described and deny all allegations inconsistent therewith.

83. Paragraph 83 consists of Plaintiffs' interpretation and characterization of ICE's Directives, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Directives described and deny all allegations inconsistent therewith. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 83 and deny the allegations for that reason.

84. Paragraph 84 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but limited to, ICE's policies and procedures and the "Nationwide Hold Room Waiver," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described including the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

85. Paragraph 85 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but limited to, ICE's policies and procedures and the "Nationwide Hold Room Waiver," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described including the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

86. Paragraph 86 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but limited to, ICE's policies and procedures and the "Nationwide Hold Room Waiver," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described including the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

87. Paragraph 87 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but limited to, ICE's policies and procedures and the "Nationwide Hold Room Waiver," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described including the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

88. Paragraph 88 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but limited to, ICE's policies and procedures and the "Nationwide Hold Room Waiver," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described including the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

89. Paragraph 89 purportedly quotes the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

90. Paragraph 90 consists of Plaintiffs' interpretation and characterization of the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Nationwide Wide Hold Room Waiver and deny all allegations inconsistent therewith.

91. Paragraph 91 consists of Plaintiffs' interpretation and characterization of the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Nationwide Wide Hold Room Waiver and deny all allegations inconsistent therewith.

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

13

92.    Paragraph 92 consists of Plaintiffs' interpretation and characterization of the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Nationwide Wide Hold Room Waiver and deny all allegations inconsistent therewith.

93.    Federal Defendants deny the allegations in Paragraph 93.

94.    Federal Defendants admit that ICE has programs for alternatives to detention. Paragraph 94 consists of Plaintiffs' interpretation and characterization of the ICE's programs and policies, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the described programs and policies and deny all allegations inconsistent therewith.

95.    Paragraph 95 consists of Plaintiffs' interpretation and characterization of the ICE's programs and policies, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the described programs and policies and deny all allegations inconsistent therewith.

96.    Paragraph 96 consists of Plaintiffs' interpretation and characterization of the ICE's programs and policies, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the described programs and policies and deny all allegations inconsistent therewith.

97.    Paragraph 97 consists of Plaintiffs' interpretation and characterization of the ICE's programs and policies, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the described programs and policies and deny all allegations inconsistent therewith.

98.    Paragraph 98 consists of Plaintiffs' interpretation and characterization of the ICE's programs and policies, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the described programs and policies and deny all allegations inconsistent therewith.

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

99.     Paragraph 99 consists of Plaintiffs' interpretation and characterization of the report purportedly issued by the Office of Inspector General, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to that report and deny all allegations inconsistent therewith. Federal Defendants deny the remaining allegations in Paragraph 99.

100.    Federal Defendants admit that ICE has "Performance-Based National Detention Standards."

101.    Paragraph 101 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

102.    Paragraph 102 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

103.    Paragraph 103 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and further purports to quote those standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

104.    Federal Defendants admit that 630 Sansome has Hold Rooms. Paragraph 104 further consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

///

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

105. Paragraph 105 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

106. Paragraph 106 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

107. Paragraph 107 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

108. Paragraph 108 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

109. Paragraph 109 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

///

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

110. Paragraph 110 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

111. Paragraph 111 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

112. Paragraph 112 consists of Plaintiffs' interpretation and characterization of the Nationwide Hold Room Waiver, and Directives that apply to ICE and DHS, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to, the Nationwide Hold Room Waiver, and the challenged Directives, and deny all allegations inconsistent therewith.

113. Paragraph 113 consists of Plaintiffs' interpretation and characterization of the Nationwide Hold Room Waiver, and Directives that apply to ICE and DHS, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards, the Nationwide Hold Room Waiver, and the challenged Directives, and deny all allegations inconsistent therewith.

114. Paragraph 114 consists of Plaintiffs' interpretation and characterization of the Nationwide Hold Room Waiver, and Directives that apply to ICE and DHS, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards, the Nationwide Hold Room Waiver, and the challenged Directives, and deny all allegations inconsistent therewith.

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

115. Paragraph 115 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

116. Paragraph 116 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and further purports to quote those standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

117. Paragraph 117 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and further purports to quote those standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

118. Paragraph 118 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and further purports to quote those standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

119. Federal Defendants deny the allegations in Paragraph 119.

120. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 120 and deny the allegations for that reason.

121. Paragraph 121 consists of Plaintiffs' interpretation and characterization of the Federal Governments former immigration policies, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 121 and deny the allegations for that reason.

122. Federal Defendants deny the allegations in Paragraph 122.

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

123. Paragraph 123 consists of Plaintiffs' interpretation and characterization of the history of 630 Sansome, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 123 and deny the allegations for that reason.

124. Federal Defendants deny the allegations in Paragraph 124.

125. Federal Defendants deny the allegations in Paragraph 125.

126. Federal Defendants admit that each Hold Room has a toilet. Federal Defendants deny the remaining allegations in Paragraph 126.

127. Federal Defendants deny the allegations in Paragraph 127.

128. Federal Defendants admit that the Hold Room at 630 Sansome has nine holding cells, and admit the remainder of the allegations in Paragraph 128, with the exception of the intake cell which is the largest cell.

129. Federal Defendants admit that men and women are held in gender-segregated cells and deny the remainder of the allegations in Paragraph 129.

130. Federal Defendants deny the allegations in Paragraph 130.

131. Federal Defendants deny the allegations in Paragraph 131.

132. Federal Defendants deny the allegations in Paragraph 132.

133. Federal Defendants deny the allegations in Paragraph 133.

134. Federal Defendants deny the allegations in Paragraph 134.

135. Federal Defendants deny the allegations in Paragraph 135.

136. Federal Defendants admit that each Hold Room does not have a shower.

137. Federal Defendants deny the allegations in Paragraph 137.

138. Federal Defendants deny the allegations in Paragraph 138.

139. Federal Defendants admit that cells do not have beds or cots and deny the remainder of the allegations in Paragraph 139.

140. Federal Defendants deny the allegations in Paragraph 140.

141. Federal Defendants deny the allegations as characterized in Paragraph 141.

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

142. Federal Defendants admit that they provide detainees with space blankets and deny the remainder of the allegations in Paragraph 142.

143. Federal Defendants deny the allegations in Paragraph 143.

144. Federal Defendants admit that lights are kept on in a Hold Room for safety and to protect the aliens.

145. Federal Defendants deny the allegations in Paragraph 145.

146. Federal Defendants deny the allegations in Paragraph 146.

147. Federal Defendants deny the allegations in Paragraph 147.

148. Federal Defendants deny the allegations in Paragraph 148.

149. Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 149.

150. Federal Defendants deny the allegations in Paragraph 150.

151. Federal Defendants deny the allegations in Paragraph 151.

152. Federal Defendants deny that they ignore complaints regarding medical urgencies and admit the remainder of the allegations in Paragraph 152.

153. Federal Defendants deny the allegations in Paragraph 153.

154. Federal Defendants deny the allegations in Paragraph 154.

155. Federal Defendants deny the allegations in Paragraph 155.

156. Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 156.

157. Federal Defendants deny the allegations in Paragraph 157.

158. Paragraph 158 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and further purports to quote those standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

159. Paragraph 159 consists of Plaintiffs' interpretation and characterization of the Performance-Based National Detention Standards and further purports to quote those standards, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the Performance-Based National Detention Standards and deny all allegations inconsistent therewith.

160. Federal Defendants deny the allegations in Paragraph 160.

161. Federal Defendants deny the allegations in Paragraph 161.

162. Federal Defendants deny the allegations in Paragraph 162.

163. Federal Defendants deny the allegations in Paragraph 163.

164. Federal Defendants admit that there are two adjacent booths for attorney meetings and that Federal Defendants make every effort to fulfill confidential meeting requests. Federal Defendants deny the remaining allegations in Paragraph 164.

165. Federal Defendants deny the allegations in Paragraph 165.

166. Federal Defendants deny the allegations in Paragraph 166.

167. Federal Defendants deny the allegations in Paragraph 167.

168. Federal Defendants deny the allegations in Paragraph 168.

169. Paragraph 169 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

170. Federal Defendants admit that Plaintiffs seek to represent two alleged classes. Paragraph 170 further consists of Plaintiffs' interpretation and characterization of their proposed classes, to which no response is required.

171. Paragraph 171 further consists of Plaintiffs' interpretation and characterization of their proposed classes and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs satisfy the Federal Rules of Civil Procedure with respect to their proposed classes.

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

172.    Paragraph 172 consists of Plaintiffs' interpretation and characterization of their proposed classes and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs satisfy the Federal Rules of Civil Procedure with respect to their proposed classes.

173.    Paragraph 173 consists of Plaintiffs' interpretation and characterization of their proposed classes and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs satisfy the Federal Rules of Civil Procedure with respect to their proposed classes. To the extent a further response is required, Federal Defendants deny the allegations in Paragraph 173. At the time of the submission of this Answer, Plaintiffs were not detained at 630 Sansome.

174.    Paragraph 174 consists of Plaintiffs' interpretation and characterization of their proposed classes and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs satisfy the Federal Rules of Civil Procedure with respect to their proposed classes. To the extent a further response is required, Federal Defendants deny the allegations in Paragraph 174.

175.    Paragraph 175 consists of Plaintiffs' interpretation and characterization of their proposed classes and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs satisfy the Federal Rules of Civil Procedure with respect to their proposed classes. To the extent a further response is required, Federal Defendants deny the allegations in Paragraph 175.

176.    Paragraph 176 consists of Plaintiffs' interpretation and characterization of their proposed classes and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs satisfy the Federal Rules of Civil Procedure with respect to their proposed classes.

177.    Paragraph 177 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in their claims arising under the United States Constitution.

///

178.    Paragraph 178 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in their claims arising under the United States Constitution.

179.    Paragraph 179 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in their claims arising under the United States Constitution.

180.    Paragraph 180 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in their claims arising under the United States Constitution.

181.    Paragraph 181 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in their claims arising under the United States Constitution.

182.    Paragraph 182 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in their claims arising under the United States Constitution.

183.    Paragraph 183 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in their claims arising under the United States Constitution.

184.    Paragraph 184 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in their claims arising under the United States Constitution.

185.    Paragraph 185 consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief in their claims arising under the United States Constitution.

186.    Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 186. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 186.

187. Federal Defendants deny that Ms. Pablo Sequen sought out Border Patrol Agents in order to turn herself in. Federal Defendants admit that she was released on her own recognizance and deny the remainder of the allegations in paragraph 187.

188. Federal Defendants admit that the report dates listed by Ms. Pablo Sequen are correct and lack sufficient information or belief to admit the remaining allegations in Paragraph 188. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 188.

189. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 189. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 189.

190. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 190. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 190.

191. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 191. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 191.

192. Federal Defendants admit the allegations in Paragraph 192.

193. Federal Defendants admit the allegations in Paragraph 193.

194. Federal Defendants admit that the Court issued a temporary restraining order, and that they immediately released Carmen Aracely Pablo Sequen. Federal Defendants deny the remaining allegations in Paragraph 194.

195. Federal Defendants deny the allegations in Paragraph 195.

196. Federal Defendants deny the allegations in Paragraph 196.

197. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 197. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 197.

198. Federal Defendants deny the allegations in Paragraph 198.

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

199. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 199. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 199.

200. Federal Defendants admit that Ms. Alvarado Ambrocio was released on her own recognizance on April 25, 2024. Federal Defendants lack sufficient information or belief to admit the remaining allegations in Paragraph 200. To the extent a response is required, Federal Defendants deny the additional allegations in Paragraph 200.

201. Federal Defendants admit that Ms. Alvarado Ambrocio attended a scheduled hearing at the San Francisco Immigration Court on September 11, 2025, and lack sufficient information or belief to admit the remaining allegations in Paragraph 201. To the extent a response is required, Federal Defendants deny the additional allegations in Paragraph 201.

202. Federal Defendants admit the allegations in Paragraph 202.

203. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 203. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 203.

204. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 204. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 204.

205. Federal Defendants admit that they did not arrest Ms. Alvarado Ambrocio after her immigration court hearing and lack sufficient information or belief to admit the remaining allegations in Paragraph 205. To the extent a response is required, Federal Defendants deny the remaining allegations in Paragraph 205.

206. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 206. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 206.

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

207. Federal Defendants deny the allegations in Paragraph 207, and Federal Defendants admit that they must apply and enforce the immigration laws of the United States of America to the fullest extent of the law.

208. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 208. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 208.

209. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 209. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 209.

210. Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 210. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 210.

211. The allegations in Paragraph 211 pertain to Martin Hernandez-Torres who the Court dismissed from this action on December 29, 2025. *See* Order  at 1, 15, 21, ECF No. 158. Federal Defendants aver that no response is required, and deny the allegations with respect to Martin Hernandez-Torres.

212. The allegations in Paragraph 212 pertain to Martin Hernandez-Torres who the Court dismissed from this action on December 29, 2025. *See* Order  at 1, 15, 21, ECF No. 158. Federal Defendants aver that no response is required, and deny the allegations with respect to Martin Hernandez-Torres.

213. The allegations in Paragraph 213 pertain to Martin Hernandez-Torres who the Court dismissed from this action on December 29, 2025. *See* Order  at 1, 15, 21, ECF No. 158. Federal Defendants aver that no response is required, and deny the allegations with respect to Martin Hernandez-Torres.

///

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

214.    The allegations in Paragraph 214 pertain to Martin Hernandez-Torres who the Court dismissed from this action on December 29, 2025. *See* Order  at 1, 15, 21, ECF No. 158. Federal Defendants aver that no response is required, and deny the allegations with respect to Martin Hernandez-Torres.

215.    The allegations in Paragraph 215 pertain to Martin Hernandez-Torres who the Court dismissed from this action on December 29, 2025. *See* Order  at 1, 15, 21, ECF No. 158. Federal Defendants aver that no response is required, and deny the allegations with respect to Martin Hernandez-Torres.

216.    Federal Defendants admit that Ligia Garcia unlawfully entered the United States on March 12, 2024, and that she was not taken into custody on that date. Federal Defendants admit that she filed an asylum application on February 14, 2025. Federal Defendants lack sufficient information or belief to admit the remaining allegations in Paragraph 216. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 216.

217.    Federal Defendants admit that Ms. Garcia was apprehended on September 18, 2025, at 630 Sansome Street. Federal Defendants deny that Ms. Garcia is currently being held in a holding cell at the same address. Federal Defendants lack sufficient information or belief to admit the remaining allegations in Paragraph 217. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 217.

218.    Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 218. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 218.

219.    Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 219. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 219.

220.    Federal Defendants lack sufficient information or belief to admit the allegations in Paragraph 220. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 220.

221. Paragraph 221 consists of Plaintiffs' characterization of the relief they are seeking, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief.

222. Paragraph 222 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

223. Paragraph 223 consists, and contains, Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the APA and deny all allegations inconsistent therewith.

224. Paragraph 224 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but not limited to, OPPM 25-06 and OPPM 23-01, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies including OPPM 25-06 and OPPM 23-01 described and deny all allegations inconsistent therewith.

225. Federal Defendants deny the allegations in Paragraph 225.

226. Federal Defendants deny the allegations in Paragraph 226.

227. Federal Defendants deny the allegations in Paragraph 227.

228. Paragraph 228 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

229. Paragraph 229 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described and deny all allegations inconsistent therewith.

230. Federal Defendants deny the allegations in Paragraph 230.

231. Federal Defendants deny the allegations in Paragraph 231.

232. Federal Defendants deny the allegations in Paragraph 232.

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

233. Paragraph 233 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

234. Federal Defendants deny the allegations in Paragraph 234.

235. Paragraph 235 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief under the United States Constitution.

236. Federal Defendants deny the allegations in Paragraph 236.

237. Paragraph 237 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief under the United States Constitution and further deny the allegations in Paragraph 237.

238. Federal Defendants deny the allegations in Paragraph 238.

239. Federal Defendants deny the allegations in Paragraph 239.

240. Federal Defendants deny the allegations in Paragraph 240.

241. Federal Defendants deny the allegations in Paragraph 241.

242. Federal Defendants deny the allegations in Paragraph 242.

243. Federal Defendants deny the allegations in Paragraph 243.

244. Federal Defendants deny the allegations in Paragraph 244.

245. Federal Defendants deny the allegations in Paragraph 245.

246. Federal Defendants deny the allegations in Paragraph 246 and further deny that Plaintiffs are entitled to any relief.

247. Paragraph 247 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

248. Federal Defendants deny the allegations in Paragraph 248.

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

249. Paragraph 249 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief under the United States Constitution.

250. Paragraph 250 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief under the United States Constitution and further deny the allegations in Paragraph 250.

251. Federal Defendants deny the allegations in Paragraph 251.

252. Federal Defendants deny the allegations in Paragraph 252.

253. Federal Defendants deny the allegations in Paragraph 253.

254. Federal Defendants deny the allegations in Paragraph 254.

255. Federal Defendants deny the allegations in Paragraph 255.

256. Federal Defendants deny the allegations in Paragraph 256.

257. Federal Defendants deny the allegations in Paragraph 257.

258. Federal Defendants deny the allegations in Paragraph 258.

259. Federal Defendants deny the allegations in Paragraph 259.

260. Federal Defendants deny the allegations in Paragraph 260.

261. Federal Defendants deny the allegations in Paragraph 261 and further deny that Plaintiffs are entitled to any relief.

262. Paragraph 262 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

263. Federal Defendants deny the allegations in Paragraph 263.

264. Paragraph 264 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief under the United States Constitution.

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

265. Paragraph 265 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief under the United States Constitution and further deny the allegations in Paragraph 265.

266. Paragraph 265 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief under the United States Constitution and further deny the allegations in Paragraph 265.

267. Federal Defendants deny the allegations in Paragraph 267.

268. Federal Defendants deny the allegations in Paragraph 268.

269. Federal Defendants deny the allegations in Paragraph 269.

270. Federal Defendants deny the allegations in Paragraph 270.

271. Federal Defendants deny the allegations in Paragraph 271.

272. Federal Defendants deny the allegations in Paragraph 272.

273. Federal Defendants deny the allegations in Paragraph 273.

274. Federal Defendants deny the allegations in Paragraph 274.

275. Federal Defendants deny the allegations in Paragraph 275 and further deny that Plaintiffs are entitled to any relief.

276. Paragraph 276 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

277. Paragraph 277 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the APA and deny all allegations inconsistent therewith.

///

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

278. Paragraph 278 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but limited to, ICE's policies and procedures and the "Nationwide Hold Room Waiver," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described including the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

279. Paragraph 279 consists of Plaintiffs' interpretation and characterization of the Federal Government's immigration policies including, but limited to, ICE's policies and procedures and the "Nationwide Hold Room Waiver," to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the challenged policies described including the Nationwide Hold Room Waiver and deny all allegations inconsistent therewith.

280. Paragraph 280 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 280.

281. Federal Defendants deny the allegations in Paragraph 281.

282. Federal Defendants deny the allegations in Paragraph 282.

283. Federal Defendants deny the allegations in Paragraph 283.

284. Federal Defendants deny the allegations in Paragraph 284.

285. Federal Defendants deny the allegations in Paragraph 285.

286. Federal Defendants deny the allegations in Paragraph 286.

287. Federal Defendants deny the allegations in Paragraph 287.

288. Federal Defendants deny the allegations in Paragraph 289 and further deny that Plaintiffs are entitled to any relief.

289. Paragraph 289 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

///

///

290. Paragraph 290 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants respectfully refer the Court to the cited statutes and deny all allegations inconsistent therewith.

291. Paragraph 291 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief under the United States Constitution.

292. Federal Defendants deny the allegations in Paragraph 292.

293. Federal Defendants deny the allegations in Paragraph 293 and further deny that Plaintiffs are entitled to any relief.

294. Paragraph 294 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

295. Paragraph 295 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief under the United States Constitution.

296. Paragraph 296 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs have been impermissibly detained.

297. Federal Defendants deny the allegations in Paragraph 297 and deny that Plaintiffs' detention is improper.

298. Federal Defendants deny the allegations in Paragraph 298.

299. Paragraph 299 consists of pleading formalities, to which no response is required. Federal Defendants incorporate by reference its responses to all preceding paragraphs as if set forth herein.

300. Federal Defendants deny the allegations in Paragraph 300.

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

301.    Paragraph 301 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs have been impermissibly detained.

302.    Paragraph 302 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs have been impermissibly detained and deny the remaining allegations in Paragraph 302.

303.    Paragraph 303 consists of and contains Plaintiffs' interpretation and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs have been impermissibly detained and deny the remaining allegations in Paragraph 302.

The remainder of Plaintiffs' FAC contains a request for relief, to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations contained in the remainder of Plaintiffs' FAC and contends that Plaintiffs are not entitled to the requested relief or any relief at all. Any allegations to which a response is deemed necessary, and which have not been admitted, denied, or otherwise responded to herein, are hereby denied.

## AFFIRMATIVE DEFENSES

All actions taken by Federal  Defendants were grounded in good faith and are not in violation of any federal law or the United States Constitution. In further answer to Plaintiffs' FAC, and as separate and distinct defenses to their claims set forth in their FAC, Federal Defendants allege the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims, in whole or in part, because some or all of the decisions they seek to challenge are committed to Executive Branch discretion. Among other things, these decisions involve political, immigration, foreign policy, or resource allocation questions that are outside the province of the courts.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot prevail on his claims, in whole or in part, because the possibility of another form of review (such as under the APA) makes relief unavailable.

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

## THIRD AFFIRMATIVE DEFENSE

Federal Defendants have not violated any established right under the Constitution or laws of the United States or any political subdivision or any act of Congress providing for the protection of civil rights.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' negligent acts and/or omissions must be compared against the negligent acts and/or omissions of Federal Defendants, if any, and any judgment rendered in Plaintiffs' favor must be reduced by their own comparative fault.

## FIFTH AFFIRMATIVE DEFENSE

Federal Defendants violated no legal duty owed to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs of suit, or damages except as permitted by law.

Federal Defendants respectfully request and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to Plaintiff's FAC become known throughout the course of the litigation.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered all counts of the FAC, Federal Defendants pray that Plaintiffs take nothing by way of their FAC, that the same be dismissed, and that judgment be awarded in favor of Federal Defendants Defendant, together with costs and such other and further relief as the Court deems appropriate.

///

///

///

///

///

///

///

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP

35

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, Federal Defendants demand a jury trial consistent with the principles of sovereign immunity, any applicable waivers of sovereign immunity, and as permitted under federal law.

DATED: February 2, 2026                    Respectfully submitted,

                                           CRAIG H. MISSAKIAN
                                           United States Attorney

                                           */s/ Douglas Johns*
                                           DOUGLAS JOHNS
                                           Assistant United States Attorney

                                           *Attorneys for Respondents-Defendants*

ANSWER OF FEDERAL DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT
25-CV-06487-PCP