CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

DOUGLAS JOHNS (CABN 314798)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (415) 846-8947
    FAX: (408) 535-5081
    Douglas.Johns@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN, YULISA ALVARADO AMBROCIO, and LIGIA GARCIA,<br><br>    Plaintiffs,<br><br>  v.<br><br>SERGIO ALBARRAN, MARCOS CHARLES, THOMAS GILES, MONICA BURKE, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, SIRCE E. OWEN, PAMELA BONDI, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION AND REVIEW, UNITED STATES OF AMERICA,<br><br>    Defendants. | CASE NO. 25-cv-06487-PCP<br><br>**RESPONSE OF FEDERAL DEFENDANTS TO NOTICE OF SUPPLEMENTARY MATERIAL AND CLARIFICATION OF COURTHOUSE ARREST POLICIES**<br><br>Re: Dkt. No. 195<br><br>Honorable P. Casey Pitts<br>United States District Judge |

RESPONSE OF FEDERAL DEFENDANTS TO NOTICE OF SUPPLEMENTARY MATERIAL AND CLARIFICATION OF COURTHOUSE ARREST POLICIES
25-CV-06487-PCP

Federal Defendants respectfully submit the following response to Plaintiffs' Notice of Supplementary Material. Dkt. No. 195.

On March 25, 2026, Federal Defendants' counsel learned about the letter filed by the United States Attorney for the Southern District of New York and the "Reminder" dated March 19, 2026, as part of his standard review of similar cases pending across the United States of America. *See African Communities Together v. Lyons*, No. 1:25-cv-06366-PKC, ECF NO. 77 (S.D.N.Y. Mar. 24, 2026). Federal Defendants' counsel continued to learn information about the circumstances involving *African Communities* over the course of the day. Based on the additional information discovered and explicitly conveyed by Federal Defendants to counsel and in light of the situation involving *African Communities*, Federal Defendants submit the following clarification on the policies pertaining to civil enforcement actions in or near courthouses:

On April 27, 2021, U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") issued the Memorandum entitled "Civil Immigration Enforcement Actions in or near Courthouses" ("April Guidance"). The April Guidance prohibited civil enforcement actions in or near courthouses, to include immigration courts, absent limited expressed circumstances. The April Guidance rescinded a January 10, 2018, ICE directive entitled "Civil Immigration Enforcement Actions Inside Courthouses," which had not included immigration courts as a covered location. On January 20, 2025, ICE issued the "Interim Guidance: Civil Immigration Enforcement Action in or Near Courthouses" ("Interim Guidance") rescinding and superseding the April Guidance. On May 27, 2025, ICE issued the Memorandum entitled "Civil Immigration Enforcement Actions In or Near Courthouses" ("May Guidance") superseding the Interim Guidance. As set forth in the letter filed by the United States Attorney for the Southern District of New York, the May Guidance does not apply to Executive Office for Immigration Review (Immigration) courts, regardless of their location. *See African Communities Together v. Lyons*, No. 1:25-cv-06366-PKC, ECF NO. 77 (S.D.N.Y. Mar. 24, 2026); *see also* Dkt. No. 195-1 at 1. However, the rescission of the April Guidance by the Interim Guidance and the May Guidance was necessary to lift the prior restrictions on civil immigration enforcement action at immigration courthouses. This complicated and nuanced situation still permits Plaintiffs to assert a claim under the Administrative

RESPONSE OF FEDERAL DEFENDANTS TO NOTICE OF SUPPLEMENTARY MATERIAL AND CLARIFICATION OF COURTHOUSE ARREST POLICIES
25-CV-06487-PCP

Procedure Act challenging civil enforcement actions in or near courthouses based on the administrative record currently before the Court. *See* Def.'s Notice of Filing of Certified Administrative Record, ECF No. 146.

On March 26, 2026, Federal Defendants' counsel conferred with Plaintiffs' counsel about the situation involving *African Communities* and how the case should proceed. As Plaintiffs confirm, Plaintiffs and Federal Defendants jointly believe that the current partial summary judgment briefing on the courthouse arrest policies should not be affected by the situation in the Southern District of New York. *See* Dkt. No. 195 at 2.

After Federal Defendants' counsel learned about the situation involving *African Communities*, he and others scrutinized Federal Defendants' current pending brief pending for the motion for partial summary judgment on the courthouse arrest policies for immediate material clarifications that must be made. At this time, Federal Defendants have not identified any material issues but should they, the Federal Defendants will bring any necessary clarifications to the Court's attention. Federal Defendants' counsel also asked Plaintiffs' counsel to bring any issues within their pending brief that may need clarification to their attention. Finally, based on discussions with EOIR and information conveyed by EOIR, EOIR's policies at issue are not affected by the situation involving *African Communities*.

Based on Federal Defendants' initial review of their current pending brief for partial summary judgment on the courthouse arrest policies, any order on partial summary judgment as to these policies should not be affected or delayed. If the Court needs any additional briefing on any issue expressed above, Federal Defendants would be willing to provide it.

DATED: April 2, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Douglas Johns*
DOUGLAS JOHNS
Assistant United States Attorney

*Attorneys for Respondents-Defendants*

RESPONSE OF FEDERAL DEFENDANTS TO NOTICE OF SUPPLEMENTARY MATERIAL AND CLARIFICATION OF COURTHOUSE ARREST POLICIES
25-CV-06487-PCP