Mark L. Hejinian (SBN 281417)
ef-mlh@cpdb.com
Marcia V. Valente (SBN 321852)
ef-mvv@cpdb.com
David C. Beach (SBN 226972)
ef-dcb@cpdb.com
Charmaine G. Yu (SBN 220579)
ef-cgy@cpdb.com
Evan G. Campbell (SBN 342223)
ef-egc@cpdb.com
Darien Lo (SBN 347244)
ef-dxl@cpdb.com
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA  94104
Telephone: (415) 391-4800

Marissa Hatton (SBN 348678)
mhatton@lccrsf.org
Andrew Ntim (SBN 347084)
antim@lccrsf.org
Jordan Wells (SBN 326491)
jwells@lccrsf.org
Nisha Kashyap (SBN 301934)
nkashyap@lccrsf.org
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 543-9444

Neil K. Sawhney (SBN 300130)
nsawhney@aclunc.org
Lauren M. Davis (SBN 357292)
ldavis@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

Laura Victoria Sanchez (SBN 253736)
laura@carecensf.org
Tala Berardi Hartsough (SBN 230204)
tala@carecensf.org
CARECEN SF
3101 Mission Street, Suite 101
San Francisco, CA  94110
Telephone: (415) 642-4402

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN, YULISA ALVARADO AMBROCIO, and LIGIA GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>SERGIO ALBARRAN, MARCOS CHARLES, THOMAS GILES, MONICA BURKE, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, SIRCE E. OWEN, PAMELA BONDI, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION AND REVIEW, UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 5:25-cv-06487-PCP<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Crtrm.:   8<br>Judge:    Hon. P. Casey Pitts.<br><br>Trial Date:       None Set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16-9, the Parties, through their respective undersigned counsel of record, hereby jointly submit this Joint Case Management Statement.

The Parties respectfully request an Initial Case Management Conference to be held at the Court's convenience.

## 1. JURISDICTION AND SERVICE

This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 2201 *et seq.*, 5 U.S.C. §§ 701-706, 28 U.S.C. § 1651, and Fed. R. Civ. P. 65. All parties have been served.

## 2. FACTS

Plaintiffs' Statement: Defendant Immigration and Customs Enforcement (ICE) detains immigrants in a squalid, makeshift jail in ICE's San Francisco Area of Responsibility (SF AOR) Field Office at 630 Sansome Street (630 Sansome). Detainees have been held at 630 Sansome for over twelve hours, and sometimes for days. The conditions at 630 Sansome are punitive and inhumane. Immigrants have been held in small, cold rooms, and forced to sleep on metal benches or directly on the floor, including next to the toilet, with nothing more than a thin plastic or foil blanket or a thin mat. Immigrants have been kept for days without basic hygiene supplies, access to bathing facilities, a change of clothes, or prescribed medications. ICE has failed to provide adequate medical support at 630 Sansome, and immigrants experiencing medical emergencies have been ignored while they beg for assistance. ICE also impedes access to counsel for individuals detained at 630 Sansome. ICE's policy and practice is to refuse to let attorneys into 630 Sansome to meet with detained clients in the afternoon or on weekends, and even in-person meetings must take place through a phone line with poor audio quality. To call their legal representatives or even seek legal representation, detained immigrants must navigate a cumbersome phone system that requires payment and has poor audio quality, making it difficult for attorneys and clients to communicate. Detained immigrants often lack privacy during these legal phone calls.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Case No. 5:25-cv-06487-PCP
**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

Defendant ICE arbitrarily waived the longstanding 12-hour limit on detention in hold rooms, like 630 Sansome. This waiver (12-Hour Waiver Memo), which applies nationwide, was issued without any consideration of existing alternatives or the legal or humanitarian implications of using short-term detention spaces for multi-day detention.

Defendants ICE and the Executive Office of Immigration Review (EOIR) also have arbitrarily rescinded policies that generally prohibited the government from conducting civil immigration arrests at immigration courts (and other courthouses), resulting in a dramatic chilling effect on the immigration court system.

Defendants' Statement:

Defendants operate 630 Sansome in compliance with the Court's Preliminary Injunction and agency standards. Detainees at 630 Sansome have access to counsel. Defendants' "Nationwide Hold Room Waiver" is not reviewable under the Administrative Procedures Act and is not arbitrary or capricious. Defendants' policy regarding immigration courthouse arrests complies with the Immigration and Nationality Act and the Administrative Procedures Act. The policy is otherwise not reviewable and not arbitrary or capricious.

## 3. LEGAL ISSUES

Plaintiffs' Statement: The principal disputed legal issues are: (1) whether Defendants have violated the Fifth Amendment by subjecting immigrants detained at 630 Sansome to conditions that are inhumane, punitive, and cause sleep deprivation; (2) whether Defendants have violated the Fifth Amendment by depriving immigrants detained at 630 Sansome to adequate medical care; (3) whether Defendants have violated the Fifth Amendment by detaining immigrants at 630 Sansome in unsanitary conditions without access to basic hygiene items; (4) whether Defendants have violated the First and Fifth Amendment by depriving immigrants detained at 630 Sansome of effective access to counsel; (5) whether Defendants violated the Administrative Procedures Act in issuing the 12-hour Waiver Memo; (6) whether Defendants violated the Administrative Procedures Act in rescinding prior policies limiting civil immigration arrests at courthouses.

Defendants' Statement:

Defendants reject Plaintiffs' allegations. Defendants have complied with the Constitution,

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

the Immigration and Nationality Act, and the Administrative Procedures Act.

**4.    MOTIONS**

Plaintiffs filed a motion for provisional class certification on September 18, 2025, which was granted. Plaintiffs filed a motion for preliminary injunction and stay of agency action on the 12-Hour Waiver Memo on October 10, 2025. The Court granted the preliminary injunction and denied the stay. Plaintiffs filed a motion for stay of agency action on the courthouse arrest policies on October 16, 2025, which was granted. Defendants filed a motion to dismiss and a motion to sever on October 25, 2025. The Court granted the motion to sever, and granted in part the motion to dismiss. Defendants filed an emergency motion for stay of the preliminary injunction pending appellate review on December 26, 2025, which was denied.

Plaintiffs filed a motion for final class certification and separate motions for partial summary judgment on Plaintiffs' APA claims regarding the 12-Hour Waiver Memo and the courthouse arrest policies on January 29, 2026. All three motions are fully briefed and pending a decision.

Plaintiffs may need to file a motion regarding Defendants' compliance with the preliminary injunction, but will work with Defendants to avoid unnecessary motions practice.

**5.    AMENDMENT OF PLEADINGS**

Plaintiffs filed an amended class action complaint on September 18, 2025. Dkt. No. 32. Plaintiffs do not anticipate amending the pleadings at this time. Plaintiffs' proposed deadline for amending the pleadings is included in the proposed case schedule attached as Exhibit A.

**6.    EVIDENCE PRESERVATION**

The Parties certify that they have reviewed the Court's ESI Guidelines and confirm that, pursuant to Federal Rules of Civil Procedure Rule 26(f), they have discussed and taken steps to preserve ESI and will continue to do so. The Parties also entered into a joint stipulation for a preservation order encompassing the ICE and EOIR courthouse arrest policies, which the Court issued. Dkt. No. 197.

**7.    DISCLOSURES**

As required by Federal Rules of Civil Procedure Rule 26(a)(1) and Rule 26(f), the Parties

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

agreed to serve initial disclosures by June 19, 2026. The Parties reserve the right to supplement their disclosures.

## 8.    DISCOVERY – RULE 26(f) REPORT

Counsel for the Parties held a conference pursuant to Federal Rule of Civil Procedure 26(f) on June 5, 2026. Plaintiffs served a first set of requests for production of documents related to compliance with the Court's Preliminary Injunction Order (Dkt. No. 138) on March 3, 2026, to which Defendants served responses on May 4, 2026. The Parties have exchanged proposals for recurring production of documents related to compliance with the Court's Preliminary Injunction Order, but have been unable to reach an agreement to date. The Parties will continue to meet and confer about recurring Preliminary Injunction discovery and, if necessary, raise to the Court any disputes they are unable to resolve. No other discovery has taken place as of the date of this filing.

### A.    Initial Disclosures

See supra, § 7.

### B.    Scope of Anticipated Discovery

Plaintiffs' Statement: Without limitation, on Plaintiffs' non-APA claims, Plaintiffs anticipate seeking discovery regarding policies, procedures, and practices related to the following at 630 Sansome: (1) sleeping conditions and overnight or multi-day detention; (2) medical care; (3) sanitary and hygienic conditions; (4) attorney access. The anticipated time period is January 2025 through the present. Plaintiffs also anticipate seeking discovery regarding compliance with the Preliminary Injunction.

### C.    ESI Discovery Order and Privilege Issues

The Parties have discussed and will continue to meet and confer as necessary regarding ESI, per Rule 26(f) and the Northern District of California Guidelines. The Parties have not deemed it necessary to enter into a stipulated e-discovery order at this time.

The Parties agreed to a stipulated protective order, which was entered by the Court. Dkt. No. 171.

### D.    Proposed Discovery Plan

Plaintiffs' proposed case schedule is set forth in Exhibit A. Plaintiffs anticipate that fact

discovery will require approximately six months. Defendants' proposed case schedule is set forth in Exhibit B.

### E.    Limits on Discovery

The Parties do not propose any modifications to the existing discovery limits in the Federal Rules of Civil Procedure.

## 9.    CLASS ACTIONS

Pursuant to Local Rule 16-19(b), Plaintiffs provide the following additional information: The action is maintainable as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2). The classes are: (1) Courthouse Arrest class, which consists of all persons who have an immigration court hearing in a proceeding on EOIR's non-detained docket in an immigration courthouse in ICE's San Francisco Field Office Area of Responsibility; (2) Detention class, which consists of all persons who are now or will be detained in a holding cell in ICE's San Francisco Field Office.

The facts showing that Plaintiffs are entitled to maintain the action as a class action are set forth in Plaintiffs' motion for provisional class certification and Plaintiffs' motion for final class certification. Dkt. Nos. 33, 172. The Court has granted provisional certification of Plaintiffs' classes, and Plaintiffs have filed a motion for final class certification, which is fully briefed and now pending.

The Parties certify that all attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

## 10.    RELATED CASES

There are no related cases or proceedings pending. Plaintiffs Carmen Pablo Sequen, Ligia Garcia, and Yulisa Ambrocio Alvarado each have individual habeas actions pending as a result of the Court's order on Defendants' motion to sever. *See Garcia v. Albarran et al.*, 5:25-CV-10213-PCP; *Ambrocio v. Albarran et al.*, 5:25-CV-10215-PCP; *Pablo Sequen v. Albarran*, 5:25-CV-10216-PCP.

## 11.    RELIEF

Plaintiffs request that the Court certify the proposed classes, declare that the courthouse

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

arrest policies are arbitrary and capricious and set them aside, declare that the 12-Hour Waiver Memo is arbitrary and capricious and set it aside, declare that Defendants' policies and practices violate the First and Fifth Amendments, enjoin Defendants from subjecting Plaintiffs and class members to illegal and unconstitutional conditions of confinement, and award attorneys' fees and costs and any other further relief the Court deems just and proper.

**12.    SETTLEMENT AND ADR**

Plaintiffs' Statement: The Parties have met and conferred about ADR pursuant to ADR Local Rule 3-5. Plaintiffs do not believe that the APA claims, which are the subject of the fully briefed pending motions for partial summary judgment, can be settled through ADR. Plaintiffs believe that mediation and/or a settlement conference with a magistrate judge may be helpful to settlement on the remaining non-APA claims. Plaintiffs' proposed case schedule includes a proposed deadline for the Parties to complete ADR.

Defendants' Statement:

Defendants agree at this time that mediation and/or a settlement conference with a magistrate judge may possibly be helpful to settlement on the remaining claims, but reserve a final decision on the matter.

**13.    OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    NARROWING OF ISSUES**

The Parties are not presently aware of additional issues that can be narrowed by agreement or by motion, except for the pending motions for partial summary judgment on the APA claims, but the Parties will continue to explore opportunities. The Parties do not currently request that any issues, claims, or defenses be bifurcated.

**15.    SCHEDULING**

Plaintiffs' proposed case schedule is attached as Exhibit A. Defendants' proposed case schedule is set forth in Exhibit B. Pursuant to the Court's Standing Order for Civil Cases, the proposed schedules include a date for a trial-setting conference instead of dates for the pretrial

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

conference and trial.

## 16. TRIAL

The non-APA claims in the case will be tried to a jury. Plaintiffs estimate 5 trial days.

## 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs' Statement: Pursuant to Local Rule 3-15, Plaintiffs are unaware of any conflicts, or persons or entities, other than the parties and members of the proposed classes, that have either a financial interest or any other kind of interest in the proceeding. No one except for Plaintiffs and their counsel are funding the prosecution of any claim or counterclaim.

## 18. PROFESSIONAL CONDUCT

The Parties certify that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 19. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

The Parties will continue to work together to facilitate the just, speedy, and inexpensive disposition of the matter.

DATED:  June 18, 2026

LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

By: _/s/ Marissa Hatton_
MARISSA HATTON
ANDREW NTIM
JORDAN WELLS
NISHA KASHYAP
Attorneys for Plaintiffs

CARECEN SF

By: _/s/ Laura Victoria Sanchez_
LAURA VICTORIA SANCHEZ
TALA BERARDI HARTSOUGH
Attorneys for Plaintiffs

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

By:       */s/ Neil K. Sawhney*
          NEIL K. SAWHNEY
          LAUREN M. DAVIS
          Attorneys for Plaintiffs

COBLENTZ PATCH DUFFY & BASS LLP

By:       */s/ Mark L. Hejinian*
          MARK L. HEJINIAN
          MARCIA V. VALENTE
          DAVID C. BEACH
          CHARMAINE G. YU
          EVAN G. CAMPBELL
          DARIEN LO
          Attorneys for Plaintiffs

CRAIG H. MISSAKIAN
United States Attorney

By:       */s/ William Skewes-Cox*
          WILLIAM SKEWES-COX
          Special Assistant United States Attorney
          *Attorneys for Defendants*

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

**EXHIBIT A**

| Deadline | Plaintiffs' Proposal |
|---|---|
| Deadline to Amend Pleadings | July 6, 2026 |
| Fact Discovery Cutoff | December 16, 2026 |
| Opening Expert Disclosure | January 15, 2027 |
| Rebuttal Expert Disclosure | February 5, 2027 |
| Expert Discovery Cutoff | February 19, 2027 |
| Dispositive Motion Deadline | March 12, 2027 |
| Trial Setting Conference | July 30, 2027 |
| Deadline for Completion of ADR | August 30, 2027 |

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

10                                              Case No. 5:25-cv-06487-PCP

**EXHIBIT B**

| Deadline | Defendants' Proposal |
|---|---|
| Deadline to Amend Pleadings | July 6, 2026 |
| Fact Discovery Cutoff | September 17, 2026 |
| Opening Expert Disclosure | October 17, 2026 |
| Rebuttal Expert Disclosure | November 7, 2026 |
| Expert Discovery Cutoff | November 21, 2026 |
| Dispositive Motion Deadline | December 12, 2026 |
| Trial Setting Conference | May 1, 2027 |
| Deadline for Completion of ADR | June 1, 2027 |

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Case No. 5:25-cv-06487-PCP

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**