Mark L. Hejinian (SBN 281417)
ef-mlh@cpdb.com
Marcia V. Valente (SBN 321852)
ef-mvv@cpdb.com
David C. Beach (SBN 226972)
ef-dcb@cpdb.com
Charmaine G. Yu (SBN 220579)
ef-cgy@cpdb.com
Evan G. Campbell (SBN 342223)
ef-egc@cpdb.com
Darien Lo (SBN 347244)
ef-dxl@cpdb.com
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA  94104
Telephone: (415) 391-4800

Neil K. Sawhney (SBN 300130)
nsawhney@aclunc.org
Lauren M. Davis (SBN 357292)
ldavis@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

Marissa Hatton (SBN 348678)
mhatton@lccrsf.org
Andrew Ntim (SBN 347084)
antim@lccrsf.org
Jordan Wells (SBN 326491)
jwells@lccrsf.org
Nisha Kashyap (SBN 301934)
nkashyap@lccrsf.org
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 543-9444

Laura Victoria Sanchez (SBN 253736)
laura@carecensf.org
Tala Berardi Hartsough (SBN 230204)
tala@carecensf.org
CARECEN SF
3101 Mission Street, Suite 101
San Francisco, CA  94110
Telephone: (415) 642-4402

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN, YULISA ALVARADO AMBROCIO, and LIGIA GARCIA, <br><br> Plaintiffs, <br><br> v. <br><br> SERGIO ALBARRAN, MARCOS CHARLES, THOMAS GILES, MONICA BURKE, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, SIRCE E. OWEN, PAMELA BONDI, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION AND REVIEW, UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 5:25-CV-06487-PCP <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE VACATUR ORDER (ECF NO. 205)** <br><br> Date:     N/A <br> Time:     N/A <br> Crtrm.:   8 <br> Judge:    Honorable P. Casey Pitts <br><br> Trial Date:          None Set |

## <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE as soon as it may be heard in the United States District Court for Northern District of California, that Plaintiffs Carmen Aracely Pablo Sequen, Yulisa Alvarado Ambrocio, and Ligia Garcia will and hereby do move for an order enforcing this Court's June 23, 2026 vacatur order against Defendants. As described in the accompanying Declaration of Jordan Wells, Plaintiffs' counsel notified counsel for Respondents of this forthcoming Motion and advised that they would seek the aforementioned relief, along with an order to shorten time for briefing on the motion. Plaintiffs are concurrently filing an administrative motion to shorten time on the instant motion.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE VACATUR ORDER**

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663

**INTRODUCTION**

Last week, this Court issued an Order granting Plaintiffs' motions for partial summary judgment, which found the challenged courthouse-arrest policies and 12-hour detention waiver unlawful and vacated those policies "in full." ECF No. 205 (the "Vacatur Order") at 2, 23, 71. The Court made clear that its Vacatur Order "reinstates ICE's 2021 guidance and EOIR's 2023 guidance," which prohibit civil immigration courthouse arrests except in narrowly "defined circumstances." *Id.* at 70. Under longstanding administrative law principles, this Court's vacatur of the 2025 policies—and the reinstatement of the previous policies—took immediate effect on the Vacatur Order's issuance.

Nevertheless, although nearly a week has passed, Defendants have not yet complied with this Court's Vacatur Order. Quite the contrary: Defendants have stated that the vacated and unlawful ICE and EOIR policies from 2025 remain in effect, because this Court's order lacks any binding force on the government. Declaration of Jordan Wells ¶ 8. Indeed, Plaintiffs are unaware of any evidence indicating that Defendants have taken *any* steps over the last week to effectuate this Court's vacatur.

Absent further action by the Court to ensure compliance, Defendants will continue to regard the vacated policies as operative, with potentially dire consequences for class members and immigrants nationwide. The Court has already found that the vacated policies failed to consider "the chilling effect of courthouse arrests on noncitizens' attendance at court proceedings," "chilling or other disincentivizing attendance at removal hearings," and "punitive conditions of confinement." ECF No. 205 at 49, 55, 62. And these concerns are not hypothetical: Plaintiffs are aware of at least two courthouse arrests post-dating this Court's Vacatur Order that likely would not be authorized under the pre-2025 guidance. Wells Dec. ¶ 7. Moreover, the need for clarity is especially urgent considering the broader concerns about Defendants' transparency as to the enforcement of the challenged policies—including their reversal, nearly a year into litigation, about whether the 2025 courthouse-arrest policies applied to immigration courthouses at all. *See* ECF Nos. 195, 201.

Defendants have proposed to stipulate that this Court enter final judgment on the

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE VACATUR ORDER**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663

adjudicated claims pursuant to Federal Rule of Civil Procedure 54(b). Plaintiffs agree to that stipulation in principle. Wells Dec. ¶ 10–11. Yet the law is clear that this Court's vacatur is effective and enforceable, regardless of whether it is final for purposes of Rule 54(b). Plaintiffs therefore respectfully request that the Court enforce its June 23, 2026 Vacatur Order.

## LEGAL STANDARD

A district court has inherent authority to make orders to "secure compliance with its earlier orders and governing law." *Armstrong v. Brown*, 939 F. Supp. 2d 1012, 1018 (N.D. Cal. 2013); *see Spallone v. United States*, 493 U.S. 265, 276 (1990) (federal courts have inherent power to enforce their lawful orders, including by contempt); *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (describing court's "inherent authority . . . to enforce its orders by whatever means").

## ARGUMENT

**I.      This Court's June 23, 2026 vacatur order had immediate and binding effect.**

In granting Plaintiffs' motions for partial summary judgment, this Court found that Defendants' courthouse-arrest policies (ICE Policy No. 11072.3, ICE Policy No. 11072.4, and EOIR Operating Policies and Procedures Memorandum 25-06) and 12-hour-detention waiver (ICE's June 24, 2025 memorandum titled "Nationwide Hold Room Waiver") violated the Administrative Procedure Act ("APA"). *See* ECF No. 205 at 44–64. The Court accordingly vacated those policies "in full," *id.* at 2, 23, 71, thereby "reinstat[ing] ICE's 2021 guidance and EOIR's 2023 guidance" prohibiting civil immigration arrests at courthouses outside of narrowly defined circumstances, *id.* at 70.

This Court's Vacatur Order was immediately enforceable. As another district court recently explained when confronted with federal immigration officials' non-compliance, "court orders vacating and setting aside agency policies have *immediate* effect once they are issued." *See Dorcas Int'l Inst. of R.I. v. U.S.C.I.S.*, No. 26-CV-132-JJM-PAS, 2026 WL 1695954, at *2 (D.R.I., June 11, 2026). To the extent that Defendants contend that "entry of partial final judgment is a necessary prerequisite to render the Court's vacatur order effective and enforceable[,]" that "argument has no basis in the law." *See id.*; *see also Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, 69 F.4th 588, 597 (9th Cir. 2023) (Friedland, concurring) ("[I]n a case challenging an

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE VACATUR ORDER**

agency action, vacatur of that agency action effectively ends the parties' dispute and allows practical costs and benefits to immediately accrue.").

As a result, the rescinded agency guidance became operative immediately on issuance of this Court's Vacatur Order without any further court order entering partial final judgment. This conclusion is consistent with longstanding APA law. The Ninth Circuit has squarely held that "[t]he effect of invalidating an agency rule is to reinstate the rule previously in force." *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005); *see also, e.g.*, *Am. Great Lakes Ports Ass'n v. Zukunft*, 301 F. Supp. 3d 99, 103–04 (D.D.C. 2018), *aff'd sub nom.*, *Am. Great Lakes Ports Ass'n v. Schultz*, 962 F.3d 510 (D.C. Cir. 2020) ("When a court vacates an agency's [policies], the vacatur restores the status quo before the invalid [policies] took effect .... That is, the offending [policies] [are] rendered void and of no effect and there is a reinstatement of the [policies] previously in force." (cleaned up)). In other words, the effect of vacatur is to "*automatically* resurrect[ ]" the previous agency policy. *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) emphasis in original).

## II. **Because Defendants continue to enforce the vacated policies, this Court should enforce its prior order.**

Defendants have refused to comply with this Court's Vacatur Order. Instead, they take the position that this Court's order has no binding effect absent the entry of final judgment on Plaintiffs' APA claims. Wells Dec. ¶ 8. Not only does that position have "no basis in the law," *see Dorcas*, 2026 WL 1695954, at *2, but it imposes serious real-world harms. Plaintiffs are aware of at least two immigration courthouse arrests in New York that appear to violate the 2021 guidance reinstated by this Court's Vacatur Order. *See* Wells Dec. ¶ 7; *see also* Letter Brief (ECF No. 100), *African Communities Together v. Lyons*, No. 25-CV-6366-PKC (S.D.N.Y. June 29, 2026). More such arrests are likely, given Defendants' apparent belief that the vacated policies remain in effect—not to mention the absence of *any* evidence even suggesting that they have informed officers in the field about the Court's Vacatur Order.[1] Further action by this Court is necessary to

---

[1] To the contrary, counsel for Defendants informed Plaintiffs' counsel that, as of noon PT on June 29, 2026, leadership in DHS had *not* provided updated guidance to officers in the field in light of

Case No. 5:25-CV-06487-PCP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE VACATUR ORDER**

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663

ensure Defendants' compliance going forward.

Accordingly, Plaintiffs respectfully request that the Court enforce its June 23, 2026, Vacatur Order by ordering Defendants to effectuate vacatur through the following actions and whatever other forms of compliance the Court deems appropriate:

1. Within twenty-four hours of the Court's order on this motion, circulate a copy of the Vacatur Order to all relevant Department of Homeland Security ("DHS"), EOIR, and any other relevant agency personnel and provide instructions to all such personnel on how to comply with the Vacatur Order;

2. Within forty-eight hours of the Court's order on this motion, file with the Court a written status report advising the Court as to what specific steps Defendants have taken to comply with the vacatur order, including copies of all instructions provided to the personnel referenced in point one above; and

3. Produce biweekly report to Plaintiffs' counsel on the number of civil immigration arrests that DHS has conducted at courthouses in the preceding two weeks, separately listing the subset of such arrests that DHS conducted at immigration courthouses.

### CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court enforce its June 23, 2026, Vacatur Order.

DATED:  June 29, 2026

By:  */s/ Jordan Wells*
Jordan Wells
Lawyers' Committee for Civil Rights
  of the San Francisco Bay Area
Counsel for Plaintiffs

the Court's Vacatur Order. Wells Dec. ¶ 8.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE VACATUR ORDER**

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663