Mark L. Hejinian (SBN 281417)
ef-mlh@cpdb.com
Marcia V. Valente (SBN 321852)
ef-mvv@cpdb.com
David C. Beach (SBN 226972)
ef-dcb@cpdb.com
Charmaine G. Yu (SBN 220579)
ef-cgy@cpdb.com
Evan G. Campbell (SBN 342223)
ef-egc@cpdb.com
Darien Lo (SBN 347244)
ef-dxl@cpdb.com
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA  94104
Telephone: (415) 391-4800

Neil K. Sawhney (SBN 300130)
nsawhney@aclunc.org
Lauren M. Davis (SBN 357292)
ldavis@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

Marissa Hatton (SBN 348678)
mhatton@lccrsf.org
Andrew Ntim (SBN 347084)
antim@lccrsf.org
Jordan Wells (SBN 326491)
jwells@lccrsf.org
Nisha Kashyap (SBN 301934)
nkashyap@lccrsf.org
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 543-9444

Laura Victoria Sanchez (SBN 253736)
laura@carecensf.org
Tala Berardi Hartsough (SBN 230204)
tala@carecensf.org
CARECEN SF
3101 Mission Street, Suite 101
San Francisco, CA  94110
Telephone: (415) 642-4402

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN, YULISA ALVARADO AMBROCIO, and LIGIA GARCIA, <br><br> Plaintiffs, <br><br> v. <br><br> SERGIO ALBARRAN, MARCOS CHARLES, THOMAS GILES, MONICA BURKE, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, SIRCE E. OWEN, PAMELA BONDI, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION AND REVIEW, UNITED STATES OF AMERICA <br><br> Defendants. | Case No. 5:25-CV-6487-PCP <br><br> **CLASS ACTION** <br><br> **DECLARATION OF JORDAN WELLS IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE VACATUR ORDER** <br><br> Honorable P. Casey Pitts <br> United States District Judge |

Case No. 5:25-CV-06487-PCP

**DECLARATION OF JORDAN WELLS**

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663

I, Jordan Wells, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statement is true and correct:

1.      I make this declaration based on my personal knowledge and, if called to testify about its contents, I could and would do so competently and truthfully.

2.      I am class counsel in *Pablo Sequen et al. v. Albarran et al.*, No. 5:25-CV-06487-PCP-NC.

3.      On June 23, 2026, this Court issued an order (Dkt No. 205; hereinafter "June 23 Order" or "Order") granting Plaintiffs' motion for partial summary judgment that concludes as follows:

> Pursuant to 5 U.S.C. § 706(2)(A), the Court VACATES both the courthouse-arrest policies (i.e., ICE Policy No. 11072.3, ICE Policy No. 11072.4, and EOIR Operating Policies and Procedures Memorandum 25-06) and the 12-hourdetention waiver (i.e., ICE's June 24, 2025 memorandum titled "Nationwide Hold Room Waiver").

> IT IS SO ORDERED.

4.      Class Counsel understood the June 23 Order to have immediate effect and had no reason to believe Defendants did not likewise regard the Order as having immediate effect. Indeed, Class Counsel met and conferred with opposing counsel on Wednesday, June 24, 2026, about a range of matters, primarily related to discovery, and when asked about implementation of the Order, Defendants' counsel indicated that DHS leadership was reviewing the order and considering what guidance to send to the field.

5.      On Friday, June 29, 2026 at 1:48 PM, Defendants' counsel emailed Class Counsel, informing Class Counsel of Defendants' "inten[t] to file a motion to enter final judgment under Rule 54(b) on the claims resolved in the Court's Summary Judgment order" and asking if Plaintiffs would be willing to stipulate or not oppose the motion, or alternatively, would agree to shorten the time to respond. That email did not mention Defendants' novel position that the June 23 Order was not yet in effect.

6.      On Friday, June 29, 2026 at 3:59 PM, I emailed Defendants' counsel offering to speak on Monday and stating: "For us to form a position on the intended motion, it would be helpful to have some information regarding how the government is interpreting and implementing the

**DECLARATION OF JORDAN WELLS**

orders, especially as we have heard some concerning reports of potential noncompliance (at least noncompliance with what we understand the orders to require)."

7.    Class Counsel's compliance concerns are rooted in Defendant's shifting explanations for ICE's campaign of arrests at immigration courthouses. *See* Order at 47-48; *see also* Dkt. Nos. 195, 199, 201 (explaining and addressing Defendants' shifting explanations). The concerns also are rooted in two ICE arrests of individuals following their immigration court hearings on June 25, 2026—two days after the Order was issued. From the available information, it does not appear there that those arrests even arguably comply with ICE's 2021 guidance or EOIR's 2023 policy.

8.    On Monday, June 29, 2026 at 12 PM, Class Counsel and Defendants' counsel met to confer by Zoom regarding Defendants' intended motion. On that call, Defendants' counsel informed Class Counsel for the first that DHS has not regarded itself as required to follow the June 23 Order and has not implemented the Order. Class Counsel stated that it needed to confer internally about this development and would follow up.

9.    Shortly thereafter, at 1:36 PM, I emailed Defendants' counsel, stating that Class Counsel would file an emergency motion by today to enforce the June 23 Order, absent agreement by 5PM to a stipulation containing the following commitments:

> (1) the June 23 court order is now in effect and has been since it was issued on June 23, (2) the government will forthwith issue instructions to the field to implement the order and file with the Court a sworn declaration attaching such instructions; and (3) the government will produce biweekly reporting to Plaintiffs' counsel on the number of immigrations arrests that DHS has conducted at courthouses in the preceding two weeks, separately listing the subset of such arrests that DHS conducted at immigration courthouses.

10.    My email also stated that Plaintiffs "do not oppose a motion to enter final judgment as to the claims adjudicated in the June 23 order, but that motion or stipulation is not necessary for the order to have immediate effect. *See, e.g., Dorcas v. USCIS*, No. 26-cv-132, ECF No. 36 (D.R.I. order dated June 11, 2026)."

11.    At 5:06 PM, Defendants' counsel asked for a phone call. Fifteen minutes later, I conferred by phone with Defendants' counsel, who re-affirmed their position that the June 23 Order is not in effect until a judgment is entered. Defendants' counsel further declined to stipulate to

**DECLARATION OF JORDAN WELLS**

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663

compliance reporting. Defendants' counsel asked our position on their intended motion for entry of judgment, and in response I reiterated that Plaintiffs would review a stipulation, and would stipulate, to entry of judgment and would note that fact in the instant motion to enforce.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 29th day of June, 2026, in Mendham, New Jersey.


                                        */s/ Jordan Wells*
                                        Jordan Wells

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 • Fax 415.989.1663