UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN, et al., | Case No.  25-cv-06487-PCP |
| Plaintiffs, | **ORDER RE: STIPULATION FOR ENTRY OF JUDGMENT; AND JUDGMENT UNDER RULE 54(B)** |
| v. | |
| SERGIO ALBARRAN, et al., | Re: Dkt. No. 207, 208, 211 |
| Defendants. | |

The parties have stipulated that the Court enter judgment, under Federal Rule of Civil Procedure 54(b), on the claims resolved in the Court's June 23, 2026 order (Dkt. No. 205), which granted partial summary judgment on plaintiffs' claims under the Administrative Procedure Act.

"When an action presents more than one claim for relief ... or when multiple parties are involved," Rule 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). Doing so is appropriate here. The Court's partial summary judgment order is a "judgment that is an ultimate disposition of … individual claim[s] entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). The order is "sufficiently divisible" from plaintiffs' remaining conditions-of-confinement claims "that the case would not inevitably come back to this court on the same set of facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (citation modified). And there is no just reason for delay, as "all parties have stipulated to Rule 54(b) judgment," *AIU Ins. Co. v. McKesson Corp.*, No. 20-CV-07469-JSC, 2022 WL 3050080, at *1 (N.D. Cal. July 6, 2022), and immediate appeal will serve "judicial administrative interests" and by enabling the government to seek simultaneous appellate review of the Court's final rulings on class certification and the APA claims, *see Curtiss-Wright Corp.*, 446 U.S. at 8 (noting "the

United States District Court
Northern District of California

historic federal policy against piecemeal appeals"); *see also* Fed. R. Civ. P. 23(f) (providing that a party may petition the court of appeals to "permit an appeal from an order granting … class-action certification").

Accordingly, the Court **GRANTS** the stipulation (Dkt. No. 152) and **ENTERS JUDGMENT** pursuant to Rule 54(b) on its Order dated June 23, 2026, which granted partial summary judgment in favor of plaintiffs as to their APA claims and vacated ICE Policy No. 11072.3; ICE Policy No. 11072.4; EOIR Operating Policies and Procedures Memorandum 25-06; and ICE's June 24, 2025 memorandum titled "Nationwide Hold Room Waiver."

Plaintiffs' motions to enforce the Court's June 23, 2026 order (Dkt. No. 207) and to expedite the briefing and hearing of that motion (Dkt. No. 208) are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: June 30, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

2