BRETT SHUMATE
Assistant Attorney General
DREW ENSIGN
Deputy Assistant Attorney General
JOSHUA HA (NJBN 352792021)
Counsel to the Assistant Attorney General

950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 598-3747
Joshua.Ha@usdoj.gov

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue
San Francisco, California 94102
Telephone: (415) 436-7066
William.skewes-cox@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARMEN ARACELY PABLO SEQUEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SERGIO ALBARRAN, et al.,<br><br>        Defendants. | No. 25-cv-06487-PCP<br><br>**MOTION FOR STAY PENDING APPEAL** |

MOTION FOR STAY PENDING APPEAL
25-cv-06487-PCP                                   1

Pursuant to Federal Rule of Appellate Procedure 8(a)(1) and Local Rule 7-11, Defendants hereby move, on an emergency basis, that this Court enter a stay pending appeal of its final judgment entered on June 30, 2026, ECF No. 212.  Defendants request a decision on this motion by July 9, 2026.

Counsel for Defendants have met and conferred with Counsel for Plaintiffs regarding a schedule for the briefing and a decision on this motion for a stay.  Plaintiffs indicated that they would file a response to the motion by 11:59 p.m. on July 8, 2026.  Plaintiffs take no position on the request for a decision by July 9, 2026.

## STANDARD OF REVIEW

"A party must ordinarily move first in the district court" for "a stay of the judgment or order of a district court pending appeal." Fed. R. App. Proc. 8(a)(1)(A).  Whether a stay is appropriate turns on four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009).  The "first two factors are the most critical," *People v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025), and the "last two factors merge when the Government is the opposing party," *Reach Cmty. Dev. v. U.S. Dep't Homeland Sec.*, 174 F.4th 1143, 1148 (9th Cir. 2026).

## ARGUMENT

The Government has filed a Notice of Appeal of the Court's Judgment under Rule 54(B), Dkt. No. 212.  *See* Dkt. No. __ (Notice of Appeal).  The Government is entitled to a stay pending that appeal.  Although the Court has rejected the Government's arguments on the merits in granting partial summary judgment to the plaintiffs, "to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011).  Rather, it is sufficient to show that "serious legal questions are raised." *Id.* at 967-68; *see also CPC Patent Techs. PTY Ltd. v. Apple, Inc.*, 2024 WL 393492, at *3 (N.D. Cal. Feb. 1, 2024) (noting that to require a higher showing "would be to deny that a motion for stay could *ever* be granted, since a party seeking a stay pending appeal necessarily has failed to persuade the district court of the merits of its arguments").

For the reasons explained in the Government's earlier briefing, *see, e.g.*, ECF Nos. 185 & 186, the

plaintiffs' challenges to ICE's and EOIR's policies are non-justiciable, fail on the merits, and in any event seek relief far broader than the plaintiffs have standing to request.  The Government's arguments on these points raise, at the very least, "serious legal questions."  To begin, each of the challenged policies concern "an agency's decision not to prosecute or enforce," which is "generally committed to an agency's absolute discretion."  *Heckler v. Chaney*, 470 U.S. 821, 827 (1985).  Whether ICE or EOIR decide to exercise their discretion to arrest or not arrest unlawful aliens in an immigration courthouse and whether ICE decides to limit its detentions to twelve or seventy-two hours as a matter of course are all decisions within the agencies' discretion.  That does not change by ICE or EOIR issuing informal guidance.

Moreover, there is no basis for vacating ICE's and EOIR's policies under the APA.  Even when an agency's decision is "of less than ideal clarity," a reviewing court must uphold the agency action if its "path may reasonably be discerned."  *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021).  The challenged policies—even if they did not spell out their effects as exhaustively as Plaintiffs would have liked—easily meet that low bar.  ICE was also not required to pontificate on any supposed constitutional concerns with its detention policy; the APA is not violated for "failure to discuss [case law] adequately."  *FCC v. Fox TV Stations, Inc.*, 556 U.S. 502, 526 (2009) (rejecting claim that the FCC violated the APA by "fail[ing] adequately to explain its consideration of the constitutional issues inherent in its regulation").  And Plaintiffs cannot succeed on their arbitrary-and-capricious challenge.  Under that "deferential" standard of review, a court "may not substitute its own policy judgment for that of the agency."  *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021).  In changing course, ICE and EOIR merely "alter[ed] [their] approach based" on "different priorities and a different philosophy."  *United States v. Christie*, 825 F.3d 1048, 1060 (9th Cir. 2016).  That is eminently permissible.

And aside from the merits of the challenges themselves, wholesale vacatur was inappropriate here.  Even assuming that vacatur is a permissible APA remedy, as the Ninth Circuit has explained, this Court "retains equitable discretion" to "remand a decision without vacatur while the agency corrects its errors."  *Mont. Wildlife Fed'n v. Haaland*, 127 F.4th 1, 50 (9th Cir. 2025).  Based on their own class definition, Plaintiffs are not affected by ICE's and EOIR's policies outside of ICE's San Francisco area of responsibility.  And even if the Government erred (it did not) in its policies by failing to expressly identify the change in course it was making or the alternatives it was rejecting, such errors are easily fixable on

remand to the agency.

The second factor—irreparable harm—is also satisfied here.  "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."  *AFGE v. Trump*, 148 F.4th 648, 656 (9th Cir. 2025) (citation omitted).  Congress codified in the INA the Executive Branch's constitutional and inherent authority to investigate, arrest, and detain aliens who are suspected of being, or found to be, unlawfully present in or otherwise removable from the United States to effectuate their removal.  *See* 8 U.S.C. §§ 1182, 1225, 1226, 1231, 1357.  ICE's and EOIR's policies are how the Executive has decided to channel that authority.  Dictating to the immigration agencies that they must do so differently undoubtedly visits irreparable harm on the Government.  Especially so here, where—as mentioned above—the relief granted to Plaintiffs is "overly broad."  *Trump v. CASA, Inc.*, 606 U.S. 831, 859 (2025).

Finally, the third and fourth factors favor a stay.  "[T]he public has a powerful interest in national security and in the ability of an elected president to enact policies."  *Washington v. Trump*, 847 F.3d 1151, 1169 (9th Cir. 2017).  Furthermore, the Government has a "weighty" interest "in efficient administration of the immigration laws at the border," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), and "[t]here is always a public interest in prompt execution of removal orders," *Nken*, 556 U.S. at 436—interests which are inseparable from the Government's ability to make arrests of removable aliens.  Whatever injuries the plaintiffs can show, they cannot outweigh the public interest in a stay.  *Cf. id.* at 435 (noting that even removal "is not categorically irreparable").

DATED: July 2, 2026                                  Respectfully submitted,

                                                     BRETT SHUMATE
                                                     Assistant Attorney General

                                                     DREW ENSIGN
                                                     Deputy Assistant Attorney General

                                                     CRAIG H. MISSAKIAN
                                                     United States Attorney

/s/ Joshua Ha

JOSHUA HA
Counsel to the Assistant Attorney General

*Attorneys for Defendants*

**[PROPOSED] ORDER**

Having considered Defendants' Motion for Stay Pending Appeal of this Court's Order granting final judgment under Rule 54(b) (ECF No. 212), the Court GRANTS Defendants' motion.  The Court's Order granting final judgment under Rule 54(b) is STAYED pending the resolution of Defendants' appeal of that order.

**IT IS SO ORDERED.**

DATED:

_____
HON. P. CASEY PITTS
United States District Judge

[PROPOSED] ORDER
25-CV-06487-PCP